547 So.2d 1016 (1989)
CLARK AUTO LEASING & RENTALS, INC. F/K/a Clark Auto Leasing Corp., a Florida Corporation, Petitioner,
v.
Mary E. LUPO, As Circuit Judge of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Respondent.
No. 89-2109.
District Court of Appeal of Florida, Fourth District.
August 16, 1989.
Rehearing and Clarification Denied August 23, 1989.
*1017 Sharon Lee Stedman and John Bond Atkinson of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Miami, for petitioner.
Christian D. Searcy of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for respondents-Marilyn P. Salinero and Frederick A. Salinero.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for respondent-Lupo.
PER CURIAM.
We grant the petition for writ of prohibition because the trial court erred in denying the petitioner/defendant's motion for recusal and in conducting a hearing to refute the allegations contained in the motion and affidavits filed in support of the defendant's motion.
The trial court initially denied the motion for recusal ruling that the allegations contained in the motion were legally insufficient. However, after ruling on the motion, the trial court had the plaintiffs' counsel sworn in to address and refute the factual allegations of the motion and affidavits. Although the trial judge stressed that her ruling was based upon the legal sufficiency of the motion and affidavits, the transcript reveals that she indirectly took an active role in addressing the truthfulness of the allegations.
Although we sympathize with the trial court and understand the frustration that can occur in such a lengthy jury trial, the record indicates that the trial judge assumed an adversarial role which is not permitted pursuant to Gieseke v. Moriarty, 471 So.2d 80 (Fla. 4th DCA 1985). Accordingly, we grant the petition for writ of prohibition.
GUNTHER and GARRETT, JJ., concur.
DOWNEY, J., dissents with opinion.
DOWNEY, Judge, dissenting.
I would deny the petition for writ of prohibition because I do not believe the allegations of the motion were sufficient to require recusal, particularly four weeks into the trial. Furthermore, the trial judge denied the motion without taking issue with the truth of movant's contentions. The issue with movant's contentions was drawn not by the trial judge but by opposing counsel by way of response for the purpose of making a record in the trial court. Thus, I do not find Gieseke v. Moriarty, 471 So.2d 80 (Fla. 4th DCA 1985), nor Bundy v. Rudd, 366 So.2d 440 (Fla. 1978), controlling here.