557 So.2d 919 (1990)
Keith NASSETTA, Petitioner,
v.
Stanton S. KAPLAN, Judge, Circuit Court, Broward County, Respondent.
No. 89-2994.
District Court of Appeal of Florida, Fourth District.
March 7, 1990.
*920 Fred Haddad, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for respondent.
LETTS, Judge.
This petition for a writ of prohibition seeks to overturn the trial judge's denial of a motion to disqualify him because he found the motion legally insufficient. Petition is denied.
The petitioner in this case is a lawyer, suspended from the practice of law, and charged with fraud and grand theft of some $650,000. Standard bond was set at $65,000. The defense attorney sought a reduction thereof, allegedly necessary to make bail. The trial judge denied it, commenting, off the record, that he did not care whether the lawyer got out of jail or not. It is this comment that we believe merits consideration. True, there were other allegations of prejudicial remarks, but in other reported cases, all of those have been clearly held to be insufficient and we do not address them.
Under the facts of this case, the judge's statement that he did not care whether the defendant got out of jail or not was not legally sufficient, under Florida Rule of Criminal Procedure 3.230, to establish that the judge was prejudiced, either against that defendant, or in favor of the state. Had the bond set been excessive, we might have thought otherwise. However, this court denied an earlier petition for a writ of habeas corpus in this very same case, in which the defendant claimed at that time that the bond was excessive.
We are of course aware that standard bond can sometimes prove to be excessive, see Rawls v. State, 540 So.2d 946 (Fla. 5th DCA 1989), but we do not believe it was here. There are clearly some factors present which favor a reduced bond. The defendant has lived in the community a long time, practiced law there for 14 years, and has many relatives in the area, including a daughter and his parents. On the other hand, he is no longer practicing law; he is divorced from his former spouse, and he has no permanent home. His purported $3 million dollars worth of property in the county can be looked at in two ways: it may tend to keep him there, but it might also be the source of getaway *921 money. Further, the existence of that very property might well indicate he could have made the bond set if he had set his mind to it.[1] In any event, adverse judicial rulings are not a basis for disqualifying a judge for bias or prejudice, e.g., Claughton v. Claughton, 452 So.2d 1073 (Fla. 3d DCA 1984).
Were the above facts the only ones, we would have denied this petition without comment. However, instead of limiting himself to language evincing legal insufficiency of the motion, as the case law suggests he should do, the trial judge went on to hold a dialogue with trial counsel about his comment. On this occasion, however, we do not believe the judge's admittedly gratuitous remarks require that we reverse him. In Clark Auto Leasing & Rentals, Inc. v. Lupo, 547 So.2d 1016 (Fla. 4th DCA 1989), and more importantly in Bundy v. Rudd, 366 So.2d 440 (Fla. 1978), the trial judge attempted to "`pass on the truth of the facts alleged.'" Id. at 442. By contrast, the judge here defended himself, not by saying that the remarks attributed to him were false, but by saying he was being quoted out of context. This might seem a distinction without much of a difference, but we find it persuasive. We recognize the difficulty in expecting a judge to sit as silent as a sphinx on the Nile in the face of personal attacks on his impartiality and his integrity. A certain amount of visceral reaction is unavoidable. We find that the reaction here was minimal, harmless and not violative of any case law requiring that this writ be granted.
Parenthetically, without casting aspersions at counsel in this particular case, we would comment that motions to disqualify trial judges are becoming more prevalent in South Florida. We increasingly encounter situations where the motive behind a motion to disqualify is obviously to gain a continuance or to get rid of a judge who evidences doubt or displeasure as to the efficacy of the movant's cause of action by oral comment or by entering adverse judicial rulings. A judge's remarks that he is not impressed with a lawyer's, or his client's behavior are not, without more, grounds for recusal.
After this latest petition was filed, the defendant filed a motion concerning subsequent actions taken by the trial judge. In that motion, the defendant fortifies his initial grounds for prohibition by complaining of ex-parte conduct by the trial judge further evincing prejudice.
We do not think this new challenge should be considered with the instant petition.
An ex-parte communication by a judge is not, per se, a ground for disqualification as a matter of law. Such communication would have to be alleged with specificity in a motion for disqualification prepared and filed in accordance with the requirements of the rule in order to determine whether the communication was prejudicial.
Inasmuch as recusal on this factual ground has not been sought below, we decline to consider it here for the first time.
PETITION DENIED.
DELL, J., concurs.
WARNER, J., concurs specially with opinion.
WARNER, Judge, concurring specially.
I agree with the majority. Although the trial judge did have a colloquy with defense counsel as to what had transpired at the hearing upon which the motion for recusal was based, the defense agreed with the trial court as to the context in which the allegedly prejudicial remark was made. Placed in the admittedly proper context, the remark was legally insufficient to require disqualification.
NOTES
[1] Later pleadings filed in this court confirm that the defendant is now out on bond.