565 So.2d 891 (1990)
The AMERICAN SOUTHERN COMPANY and Development Corporation of America, Appellants,
v.
TINTER, INC. and Bing Construction Corporation, Appellees.
No. 90-1072.
District Court of Appeal of Florida, Third District.
August 21, 1990.
*892 Caruana and Gordon, and Lawrence S. Gordon, Miami, for appellants.
Hermelee Cowart & Minkin, and Joshua D. Lerner, Miami, for appellee Tinter, Inc.
Corlett, Killian, Ober, Hardeman, McIntosh & Levi, and Love Phipps, Miami, for appellee Bing Const. Corp.
Before BASKIN, FERGUSON and GERSTEN, JJ.
PER CURIAM.
Appellants, The American Southern Company and Development Corporation of America (Southern), seek a writ of certiorari to review the trial court's orders limiting discovery. We deny the petition.
Appellees, Tinter, Inc. (Tinter), and Bing Construction Corporation (Bing), are involved in litigation regarding damages to commercial premises owned by Bing and leased by Tinter. Bing cross-claimed against Southern, as guarantor of Tinter's lease.
Southern filed a motion to dismiss the complaint which was ultimately denied. While the motion to dismiss was pending, Tinter deposed the principals of both Tinter and Bing.
Although present at these depositions, Southern did not participate in the depositions and stated that it would not ask any questions. After its motion to dismiss was denied, Southern sought to depose the same witnesses, previously deposed by Tinter.
At the request of Tinter and Bing, the trial court then granted a protective order of the witnesses already deposed. Concomitantly, the trial court also denied Southern's motion to compel the attendance of the deponents.
Southern contends that the trial court erred in limiting Southern's right to depose the witnesses. Tinter and Bing deny error, asserting the existence of other methods of discovery and the additional burden and expense which would be caused by the duplicate taking of depositions.
The standard applicable for a writ of common-law certiorari is whether the trial court departed from the essential requirements of law and there exist adequate remedies for any injury or harm. See Glasser v. Darren, 552 So.2d 340 (Fla. 4th DCA 1989).
Generally, a trial court possesses broad discretion in granting or refusing discovery motions and in protecting the parties. Only an abuse of this broad discretion would constitute "fatal error." Orlowitz v. Orlowitz, 199 So.2d 97, 98 (Fla. 1967). Unless an abuse of the trial court's wide discretion in its treatment of requests for discovery is shown, the court's ruling will not be disturbed. Rosaler v. Rosaler, 442 So.2d 1018 (Fla. 3d DCA 1984).
The Florida Supreme Court specifically addressed the propriety of certiorari review for discovery orders in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). Finding that certiorari is an extraordinary remedy, it held that it is applicable only in "extremely rare" circumstances. Martin-Johnson, 509 So.2d at 1098.
*893 As to orders denying discovery, "it is generally held that certiorari may not be utilized ... because such orders, if in error, can be rectified upon plenary appeal." Industrial Tractor Company v. Bartlett, 454 So.2d 1067 (Fla. 5th DCA 1984), cited with approval in Marshall v. Anderson, 459 So.2d 384 (Fla. 3d DCA 1984).
We find that the trial court did not abuse its discretion in denying the duplications of depositions. We further find that appellants have failed to show that the trial court departed from the essential requirements of law and the absence of adequate remedies. Accordingly, we deny the petition for a writ of certiorari.
BASKIN and GERSTEN, JJ., concur.
FERGUSON, Judge (concurring in part, dissenting in part).
I concur in the denial of certiorari review but respectfully dissent in part out of concern that the majority opinion may create uncertainty as to the law of the case[1] in the event of another appeal.
We have denied certiorari review of a trial court order limiting discovery because the error complained of is one that can be rectified upon plenary appeal, citing Industrial Tractor Co. v. Bartlett, 454 So.2d 1067 (Fla. 5th DCA 1984). That determination is jurisdictional. Esman v. Board of Regents, 425 So.2d 156 (Fla. 1st DCA 1983). Having decided that there is no jurisdictional basis for review by certiorari because the error, if any, can be rectified in a plenary appeal, the majority then continues, inconsistently, and improperly, to pass on the issue which it says must be left for another day. See Huie v. State, 92 So.2d 264 (Fla. 1957) (where there is a full, adequate and complete remedy by appeal after final judgment the court will not grant certiorari nor will it otherwise adjudicate the issue raised by the petition).
Since there is no jurisdiction to decide the substantive question, the parties are on notice that a plenary appeal on the same issue will not be precluded by the dicta in the majority opinion. For all the value the majority opinion will have in future proceedings the petition could have been disposed of by a three-word clerk's order simply denying certiorari review.
NOTES
[1] Law of the case is a principle adhered to by the courts to avoid reconsideration of points of law which were, or could have been, decided in an earlier appeal of the same case. Valsecchi v. Proprietors Ins. Co., 502 So.2d 1310 (Fla. 3d DCA 1987).