ON PETITION FOR WRIT OF PROHIBITION/WRIT OF CERTIORARI
BASKIN, Judge.
Petitioners seek a writ of prohibition to restrain the trial judge from presiding and seek certiorari review of an order denying their motion to compel discovery. We deny both petitions.
First, we address the petition for writ of prohibition. The sole consideration in ruling on a motion for disqualification is whether the litigant requesting disqualification reasonably fears that he or she will not receive a fair or impartial trial. MacKenzie v. Super Kids Bargain Store, Inc., *431 565 So.2d 1332 (Fla.1990); Fischer v. Knuck, 497 So.2d 240 (Fla.1986); Livingston v. State, 441 So.2d 1083 (Fla.1983). Petitioners’ trial court motion for disqualification is predicated on the possible extrapolated effects of the court’s decision on the motion to compel discovery; it is not premised on existing facts. The motion does not demonstrate “some actual bias or prejudice so as to create a reasonable fear that a fair trial cannot be had_” Dra-govich v. State, 492 So.2d 350, 353 (Fla. 1986). The basis for petitioner’s motion is the adverse judicial ruling, an improper ground for disqualification. Claughton v. Claughton, 452 So.2d 1073 (Fla. 3d DCA 1984); Nassetta v. Kaplan, 557 So.2d 919 (Fla. 4th DCA 1990). The trial court therefore correctly denied the motion for disqualification as legally insufficient. MacKenzie.
We turn next to the petition for writ of certiorari. To be reviewable by certiorari, an order must depart from the essential requirements of law, and there must be no adequate remedy on appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); American Southern Co. v. Tinter, Inc., 565 So.2d 891 (Fla. 3d DCA 1990); Feldman v. Glucroft, 553 So.2d 282 (Fla. 3d DCA 1989); General Development Corp. v. Stanislaus, 544 So.2d 306 (Fla. 3d DCA), review denied, 551 So.2d 461 (Fla. 1989). A trial court has broad discretion to deny discovery motions, American Southern Co., 565 So.2d at 892, and certiorari may not be utilized to review rulings if the alleged error can be rectified on appeal. American Southern Co., 565 So.2d at 893. Any injury petitioners may suffer from the denial of their motion to compel discovery can be adequately remedied on appeal.
Prohibition denied; certiorari denied.
HUBBART, J., concurs.