622 So.2d 597 (1993)
Ann V. FROST, Petitioner,
v.
The Honorable C. Lavon WARD, Judge of the 17TH Judicial Circuit in and for Broward County, Florida, Respondent.
No. 93-1574.
District Court of Appeal of Florida, Fourth District.
August 11, 1993.
*598 Julie Koenig, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Douglas J. Glaid, Asst. Atty. Gen., Hollywood, for respondent.
PER CURIAM.
The wife in a dissolution of marriage proceeding filed a petition for writ of prohibition, seeking review of the trial judge's order denying her motion for disqualification of the judge.
Petitioner's motion for disqualification of the trial judge and supporting affidavit contended she has a reasonable fear that she will not receive a fair trial from the judge because she learned from an article in a commercial newspaper that the judge was currently involved in a dissolution of marriage case; that he was contesting payment of alimony to his wife of thirty years in that case; and that he was predisposed toward husbands in dissolution matters. Petitioner said that she is a wife of over thirty years as is the judge's wife, and that she fears that in her case, the judge would side with her husband without looking at the evidence presented.
The trial judge entered an order denying the motion for disqualification, stating: "The motion and affidavit for disqualification are filled with statements which are hearsay upon heresay [sic] upon heresay [sic], are factually incorrect, and, therefore, are legally insufficient" (emphasis added). The instant petition followed.
If a judge attempts to refute the factual assertions in a motion for disqualification, he or she is deemed to have taken an adversarial role in the matter, which itself warrants disqualification. See Clark Auto Leasing & Rentals, Inc. v. Lupo, 547 So.2d 1016 (Fla. 4th DCA 1989). See also Bundy v. Rudd, 366 So.2d 440 (Fla. 1978); Ryon v. Reasbeck, 525 So.2d 1024 (Fla. 4th DCA 1988).
Here, as petitioner points out, the trial judge, in his order denying the motion for disqualification, states that the allegations of the motion are "factually incorrect." Accordingly, we agree with petitioner that the wording of the order alone constitutes sufficient grounds to require disqualification of the trial judge. Accordingly, we grant the petition.
ANSTEAD, GLICKSTEIN and STONE, JJ., concur.