GRIFFIN, Judge.
Petitioners, who are all clients of attorney, Timothy Keyser, seek a writ of prohibition from this court ordering the recusal of Circuit Judge, A.W. Nichols, III, from their respective lawsuits, which are pending in Putnam County. Petitioners all filed motions for disqualification with supporting affidavits below, which the trial court ruled were legally insufficient. The motions for disqualification, in essence, allege that the trial judge is prejudiced against attorney Keyser and that petitioners accordingly have a well-founded belief that their cases will not be fairly heard. The factual predicate for the claim of prejudice is that the judge, while a judicial candidate, made a telephone call to attorney Key-ser seeking political support, which attorney Keyser declined to give because he was committed to support the judge’s opponent. According to attorney Keyser, the conversation ended “abruptly,” indicating that Nichols was upset by attorney Keyser’s refusal to support him. The motions also allege that in the past year and one-half that Judge Nichols has been on the bench, the judge has rendered a “unanimous series of final and summary judgments or dismissals against parties in contested civil cases who were or are represented by [attorney Keyser], Some of those cases are currently being appealed.” Attorney Keyser asserts that he has become “convinced” that Judge Nichols is prejudiced against him.
In Raybon v. Burnette, 135 So.2d 228 (Fla. 2d DCA 1961), the court found a motion to disqualify insufficient where the motion al *123 leged that the plaintiff and his counsel had campaigned for one judicial candidate and the attorneys for the defendant had campaigned for the successful candidate, the trial judge. It was further alleged that in another case involving the same parties the judge appeared to be antagonistic to the plaintiff and his counsel, showing a lack of courtesy and ruling contrary to the truth of the matter. The court found this statement of facts and reasons to be legally insufficient for disqualification. In McDermott v. Grossman, 429 So.2d 393 (Fla. 3d DCA 1983), the court noted that there is a presumption that a judge will be impartial even when a lawyer has voiced opposition to the election of a judge. In that case, disqualification was ordered because the trial judge had delivered a “tirade” concerning counsel’s lack of support. See also MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990). Adverse rulings alone do not establish prejudice on the part of the trial court, however. Post-Newsweek Stations, Florida, Inc. v. Kaye, 585 So.2d 430 (Fla. 3d DCA 1991). On the current record there is no showing that the lower court’s adverse rulings were erroneous, much less “clearly erroneous” or motivated by improper considerations.
Although we are unpersuaded by the lower court’s position that the motions to disqualify are untimely because they were not made when the judge assumed the bench, we nevertheless agree that the lower court was correct in concluding that the allegations supporting the motions for disqualification were legally insufficient. We do not foreclose the possibility that a proper showing of prejudice on the part of the trial judge against attorney Keyser, if subsequently demonstrable, could justify recusal.
WRITS DENIED.
COBB and DIAMANTIS, JJ., concur.