PER CURIAM.
Charles Norris appeals from a revocation of probation and sentence entered thereon. We affirm.
Defendant was convicted of attempted second degree murder and placed on probation. During pre-trial proceedings, defendant successfully moved to disqualify the first judge; a successor judge was appointed. Defendant was later charged with violating his probation. During the revocation proceedings, defendant filed four separate motions for disqualification of this same successor judge. On each motion the judge ruled that because she was the “successor” judge, she could pass on the merits of the allegations. Each of the four motions was denied and defendant was *923 found guilty of violating probation; he now appeals.
This probation revocation proceeding arose from the attempted murder trial and subsequent conviction, and was therefore part of the same criminal case. Because the first judge was disqualified by the defendant’s motion, the second judge properly ruled that she was a successor judge. As such, she was specifically authorized to “pass on the truth of the facts alleged in support of the motion.” Fla.R.Jud.Admin. 2.160(g).[1] See § 38.10, Fla.Stat. (1995). She was also “permitted to explain the status of the record.” Barwick v. State, 660 So.2d 685, 694 (Fla.1995), cert. denied, — U.S. -, 116 S.Ct. 823, 133 L.Ed.2d 766 (1996). This successor judge, authorized to take these actions, was not required to disqualify herself.
Affirmed.

. (g) Determination — Successive Motions. If a judge has been previously disqualified on motion for alleged prejudice or partiality under subdivision (d)(1), a successor judge shall not be disqualified based on a successive motion by the same party unless the successor judge rules that he or she is in fact not fair or impartial in the case. Such a successor judge may pass on the truth of the facts alleged in support of the motion.