PER CURIAM.
Eric Van Webb Shumpert petitions for prohibition relief from the denial of his motion to disqualify the circuit judge presiding' over his criminal prosecution. We granted the petition in an earlier unpublished order and issue this opinion to explain that decision.
According to his affidavit in support of the motion to disqualify, Shumpert entered pleas of guilty to two felonies in August and a sentencing date was deferred until October 1997. Prior to sentencing, his attorney discovered in the court file an unsigned and undated order imposing a departure sentence of twenty years. Sehumpert moved to disqualify the court, alleging that he had a well-founded fear that the court would not be impartial to him because the unsigned order suggested that the trial court had prejudged his case before availing itself of the benefits of a sentencing hearing.
Despite a disclaimer in the order that the court would not delve into the facts alleged by Shumpert, the order states:
■However, as in Nassetta v. Kaplan, 557 So.2d 919 (Fla. 4th DCA 1990), the Court finds it necessary to clarify the record. The Court routinely conducts preliminary research and prepares numerous sample orders in anticipation of hearings. Research memoranda and sample orders are simply tools used by the court to thoroughly consider the pending matter both before and after a hearing. The sentencing order found in the court file was one of many sample orders prepared by the Court according to preliminary research.
The general rule regarding the scope of the trial judge’s responsibility when confronted with a motion to disqualify the court is clearly set out in Bundy v. Rudd, 366 So.2d 440 (Fla.1978):
When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification. Our disqualification rule, which limits the trial judge to a bare determination of legal sufficiency, was expressly designed to prevent what occurred in this ease — the creation of ‘an intolerable adversary atmosphere’ between the trial judge and the litigant.
Bundy, 366 So.2d at 442 (citation omitted).
The most flagrant violation of this rule occurs when the trial court unequivocally states that the allegations in the affidavit are untrue. See Frost v. Ward, 622 So.2d 597 (Fla. 4th DCA 1993); Hill v. Feder, 564 So.2d 609 (Fla. 3d DCA 1990). Trial courts which conduct hearings, receive affidavits from third parties, or engage in argument with the filing attorney to determine the factual correctness of allegations in support of disqualification invite successful prohibition petitions. See Townsend v. State, 564 So.2d 594 (Fla. 2d DCA 1990) (disapproving the trial judge’s election to debate the merits of the allegations with the movant’s attorney); Clark Auto Leasing and Rentals, Inc. v. Lupo, 547 So.2d 1016 (Fla. 4th DCA 1989) (holding that a hearing in which testimony was taken refuting the claim necessitated disqualifying the sitting judge).
In this case, the trial judge asserted that it was not his intention to explore the facts advanced in support of the motion, relying on *1130 Nassetta to justify his decision to “clarify the record.” In Nassetta, the Fourth District characterized the trial court’s attempt to put “into context” comments it had made as “visceral reaction” which may be “unavoidable,” and was deemed to be harmless. Nassetta, 557 So.2d at 921. The opinion expresses empathy with the plight of a trial judge whose impartiality is attacked and is required to sit as “silent as a sphinx on the Nile” in the face of personal attacks.[1]
We discern a distinction between a trial court’s occasional, impulsive instinct to defend itself on the bench by putting a statement attributed to it in context and the recitation in the written order here under review. The final sentence of the offending paragraph of the order reads, “The sentencing order found in the court file was one of many sample orders prepared by the Court according to preliminary research.” It is unclear whether this statement asserts that sample orders of the kind found in the court file by Shumpert’s attorney are common products of the court’s research efforts in general, or whether it was but one of several prepared in Shumpert’s case, and the only one which found its way into the public domain. In either event, the trial court impermissibly challenged the assertions in the motion for disqualification and affidavit by reciting facts designed to refute the claim of bias; disqualification is required. See Bundy, 366 So.2d 440.
In accordance with the unpublished order heretofore entered, the petition for writ of prohibition is granted; we withhold issuance of the writ confident that the trial judge will take the steps necessary for the appointment of an alternative judge to preside over Shum-pert’s sentencing hearing.
SCHOONOVER, A.C.J., and BLUE and FULMER, JJ., concur.

. Judge Warner’s specially concurring opinion points out that the attorney who filed the motion agreed with the trial court’s characterization of the context in which the comment had been made. See Nassetta v. Kaplan, 557 So.2d 919, 921 (Fla. 4th DCA 1990).