707 So.2d 343 (1997)
Christian VALLTOS, Petitioner,
v.
STATE of Florida, Respondent.
No. 97-04293.
District Court of Appeal of Florida, Second District.
December 3, 1997.
*344 Mark Hanks of Hanks and Frost, P.A., St. Petersburg, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Christian Valltos seeks a writ of prohibition from the denial of his motion to disqualify the trial court based upon statements made by the trial judge which are alleged as evidence of the court's prejudgment of his case. Responses filed by the attorney general's office on behalf of the trial judge impermissibly attempt to refute claims advanced by the petitioner in the trial court in his motion and in his present petition. The petition for writ of prohibition is granted.
Upon receipt of the prohibition petition, we ordered a response from the attorney general's office which was timely filed on behalf of the trial judge.[1] At our request, a supplementary transcript was provided by the attorney general, again submitted on behalf of the judge whose comments are the subject of this proceeding. In an abundance of caution, we asked the attorney general to verify whether the responses had been filed on behalf of the trial judge or the State. Nothing submitted to us in response to our inquiry dissuades us from the view that the responses lodged with this court were filed by the attorney general on behalf of the trial judge.
In his motion to disqualify the trial judge, Valltos claimed that the trial court had impermissibly refused to consider youthful offender treatment as required by section 958.07, Florida Statutes (1995). That statute seems to entitle a criminal defendant to a presentence investigation into the propriety of youthful offender sanctions. Valltos acknowledged that the trial judge eventually acceded to his request to order the presentence report. But he alleged that the judge did so begrudgingly, announcing that it would be a "waste of the Court's time." Based on these factual allegations, Valltos claimed in his motion, and repeats here in his petition, that the trial court refused to consider his eligibility for any sanction short of a guideline sentence.
The response filed by the attorney general on behalf of the trial judge states that the "trial court merely indicated she did not think it would be appropriate to sentence petitioner as a youthful offender, but she nonetheless would consider sentencing petitioner as such." It concludes that there "has been no showing that petitioner would not receive a fair hearing and sentence before this judge."[2]
When reviewing a motion for disqualification, the trial judge may look only at the facial sufficiency of the motion, and attempts to refute the charges of partiality in an order denying the motion exceed the proper scope of inquiry and on that basis alone establish grounds for disqualification. See Bundy v. Rudd, 366 So.2d 440, 442 (Fla. 1978). See also Frost v. Ward, 622 So.2d 597 (Fla. 4th DCA 1993); Townsend v. State, 564 So.2d 594 (Fla. 2d DCA 1990); Hill v. Feder, 564 So.2d 609 (Fla. 3d DCA 1990); Clark Auto Leasing and Rentals, Inc. v. Lupo, 547 So.2d 1016 (Fla. 4th DCA 1989). This principle applies with equal force to a response filed in a prohibition proceeding in the appellate court by the trial judge whose partiality is questioned, and the response refutes factual allegations or conclusions. See Ellis v. *345 Henning, 678 So.2d 825 (Fla. 4th DCA 1996); Fabber v. Wessel, 604 So.2d 533 (Fla. 4th DCA 1992); Gieseke v. Moriarty, 471 So.2d 80 (Fla. 4th DCA 1985); see also State ex rel. Allen v. Testa, 414 So.2d 38 (Fla. 3d DCA 1982) (disapproving an affidavit filed by the trial judge refuting facts as an attachment to his return to the appellate court's rule nisi in prohibition).
The response filed on behalf of the trial judge in this proceeding creates "an intolerable adversary atmosphere between the trial judge and the litigant." Bundy, 366 So.2d at 442; Fabber, 604 So.2d at 534. Accordingly, we grant the petition, and withhold issuance of the writ with the expectation that the trial court will make appropriate arrangements for an alternative judge to hear the balance of Valltos's criminal case.
CAMPBELL, A.C.J., and FRANK and NORTHCUTT, JJ., concur.
NOTES
[1] The petition for writ of prohibition was initially captioned Valltos v. Hon. Lauren Laughlin. We adjusted the caption when we ordered the response and we designate the State of Florida as the respondent.
[2] The fact that the response was prepared and signed by a member of the attorney general's staff does not make it any less a response by the judge herself, for it has been submitted expressly in her name. See Fabber v. Wessel, 604 So.2d 533, n. 1 (Fla. 4th DCA 1992).