723 So.2d 281 (1998)
J & J INDUSTRIES, INC., Petitioner,
v.
CARPET SHOWCASE OF TAMPA BAY, INC., Respondent.
No. 98-02599.
District Court of Appeal of Florida, Second District.
August 14, 1998.
*282 Walter Edwards Aye of Walter Edwards Aye, P.A., Tampa, for Petitioner.
Richard J. DaFonte of DaFonte and Geisser, P.A., Largo, for Respondent.
PER CURIAM.
J & J Industries, Inc. (J & J) has initiated four original proceedings in this court attempting to resolve what it characterizes as a personal dispute with the trial judge assigned to this civil litigation. These efforts culminate in this petition for writ of prohibition which, because the trial judge misreads Florida Rule of Judicial Administration 2.160(g), we are compelled to grant and thus put an end to this contention, whether real or imagined, as we did earlier by unpublished order.
J & J filed its first motion to disqualify the trial judge, which was denied, as was prohibition relief in this court seeking review of the order of denial. Following a subsequent hearing in the trial court, J & J filed its second motion to disqualify the trial judge. It is the review of that order which is sought in this proceeding in prohibition.[1]
As a general proposition, a trial court, when asked to pass on a motion to disqualify, must accept the facts alleged as true and then determine legally if those facts would cause a reasonable person to develop a wellgrounded belief that he or she would not receive a fair hearing before that trial judge. See Shumpert v. State, 703 So.2d 1128 (Fla. *283 2d DCA 1997); Rucks v. State, 692 So.2d 976, 977 (Fla. 2d DCA 1997); Fla. R. Jud. Admin. 2.160(f). If the facts as alleged do not meet that burden, the motion is determined to be legally insufficient. Once a party has successfully caused the removal of a trial judge, subsequent attempts to challenge that judge's successor become more challenging for the dissatisfied litigant. In that instance, the successor judge may pass on the truth of facts alleged, and shall not be removed unless the judge rules that "he or she is in fact not fair or impartial in the case." Fla. R. Jud. Admin. 2.160(g).
The trial judge whose order is challenged in this proceeding concluded that because the motion to disqualify was the second filed by the same party that it constituted a successive motion, governed by rule 2.160(g), which reads in whole:
(g) DeterminationSuccessive Motions. If a judge has been previously disqualified on motion for alleged prejudice or partiality under subdivision (d)(1), a successor judge shall not be disqualified based on a successive motion by the same party unless the successor judge rules that he or she is in fact not fair or impartial in the case. Such a successor judge may pass on the truth of the facts alleged in support of the motion.
The freedom granted to trial judges to "pass on the truth" of the allegations is confined by this subdivision to successor judges, and does not apply to mere successive motions as the unfortunately drafted title to the subdivision might suggest. Here, the trial judge, not a successor judge for purposes of rule 2.160, was forbidden to pass on the truthfulness of the facts alleged. See Pinfield v. State, 710 So.2d 201, 202 (Fla. 5th DCA 1998); Fogan v. Fogan, 706 So.2d 382 n. 1 (Fla. 4th DCA 1998); Norris v. State, 695 So.2d 922 (Fla. 3d DCA 1997). The excerpt in the trial judge's order which violates the requirements of rule 2.160(f) reads: "The facts alleged in the motion are not factual. I hold no prejudice against the Defendant or his attorney. The transcript of the May 29th hearing would show that the matters contained in the motion and in both affidavits is not what took place." Attempts to refute the charges of partiality exceed the scope of inquiry and alone establish grounds for disqualification. See Valltos v. State, 707 So.2d 343, 344 (Fla. 2d DCA 1997); Shumpert, 703 So.2d at 1129.
The trial court compounded this error by filing with this court a written defense of its action, apparently in reply to this court's order which solicited Carpet Showcase of Tampa Bay, Inc. to respond to the petition for writ of prohibition. In the trial court's filing, it advocated the propriety of applying rule 2.160(g) to the circumstances surrounding the second motion to disqualify, and again took specific issue with facts J & J had advanced in its motion. Trial judges should exercise extreme caution attempting to defend their actions in prohibition actions such as this, either pro se, through the offices of the attorney general, or through counsel of their own choosing. See Valltos, 707 So.2d 343, and cases cited therein. A response filed on behalf of the trial judge may create an intolerable adversary atmosphere between the trial judge and the litigant which itself may serve as the basis for disqualification. See Valltos, 707 So.2d at 345 (quoting Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978)).
The trial court's election to pass on the truthfulness of J & J's allegations in its order of denial and in its response to this court leave us little choice but to grant the petition, and to direct the chief judge of the Sixth Judicial Circuit to appoint a successor judge to preside over this matter.
That having been said, we would be remiss if we failed to comment briefly upon the substance of the motions themselves to disqualify the trial judge filed by J & J. Pages of conclusory invective directed to the treatment by the trial judge of a litigant do not necessarily constitute a legally sufficient basis to require disqualification. Colorful, if inappropriate, allusions to well-known literary examples of judicial bias and overreaching contribute in no way to a legally sufficient claim that a trial judge will not provide an impartial tribunal for a party. Wading through the two motions and accompanying affidavits filed by J & J impresses the reader less with the unfairness of the referee in the dispute than with the overwhelmingly *284 subjective nature of the attack. J & J discloses an abiding disdain for the trial judge which it argues is reciprocated; yet it fails to advance one concrete allegation which would render either motion legally sufficient.
One accusation in its second motion to disqualify the trial judge interested us, so we required J & J to provide a transcript to set the claim in context. The allegation reads, "At one point [the trial judge] snidely requested whether another judge should be brought in to testify against the defense." The transcript uneventfully discloses that there was a bona fide question about who had entered a one-word, hand-written amendment to a pleading in the file. The trial judge indicated that he was relying on the dated initials of a prior judge assigned to the case, affixed adjacent to this amendment, to substantiate his understandable conclusion that the prior judge had approved the amendment. To allay J & J's fears that he might be mistaken, the trial judge offered: "Now, if we need to bring Judge Andrews in here to testify as to what he did and what he directed everybody to do, then certainly that can be accomplished ... but at this point I'm going to rely upon the court file and the motion." While it is not our role in reaching a decisionnor has it been in this instance to pass on the truth of the various allegations counsel for J & J has pleaded, we point out this misleading and ethically suspicious excerpt from its motion in the hope that counsel's reliance on disingenuous accusations during proceedings to disqualify trial judgesthemselves largely insulated from inspection of their reliabilitywill not always be shielded from public scrutiny.
Petition for writ of prohibition granted.
BLUE, A.C.J., and FULMER and SALCINES, JJ., concur.
NOTES
[1] J & J was required to prompt the trial court to rule on its two motions to disqualify by instituting petitions for writ of mandamus in this court, accounting for two of the four original proceedings which have been commenced in this court to settle the differences J & J perceives it has with the trial judge.