BLUE, Judge.
We grant Peter L. Brinson’s petition for writ of prohibition and direct the chief judge of the Sixth Judicial Circuit to designate an alternate judge to preside over Brinson’s pending criminal charges.
The facts surrounding Brinson’s concerns about Judge Downey’s impartiality were first brought to this court’s attention in a prohibition proceeding initiated in this court on May 4, 2001, opened in case num *1126 ber 2D01-1835, which this court denied. Among the claims asserted in that petition by Brinson’s attorney, Maura J. Kiefer, was the following:
At the trial of State of Florida v. Ronald Foster, held last year, Judge Downey interrupted attorney Kiefer during cross-examination of the fingerprint technician, and took it upon himself to disrupt her line of questioning, and said: “Well, I’ll tell you what we’ll do; stand the guy up in the middle of the courtroom, pick up the gun from the counter; blow his brains out and have her look at them to identify him; will that satisfy you? I will do that right now in front of the jury if your questions continue with this line of questioning.”
As troubling as this allegation may have appeared, Attorney Kiefer was unable to persuade this court that alleged conduct by the trial judge in an unrelated ease, many months removed, stated a facially sufficient claim that required disqualification in Brinson’s case. The petition was denied the same day that it was filed.
Three days later on May 7, 2001, Brin-son’s counsel filed a second motion to disqualify the trial judge, the denial of which has led to the current prohibition action. In this motion verified by her client, Attorney Kiefer alleged, among other things, that:
a. On May 03 or 04, 2001, Judge Dow-ney, ex parte, contacted the court reporter in the Foster case, and asked her to see if she could submit an affidavit basically stating that he did not say the things alleged by the defendant in his first Motion to Disqualify.
b. Judge Downey also contacted, ex parte, the assistant state attorney, Joe Montrone, and asked him to do the same thing.
c. On May 04, 2001, Judge Downey sought out attorney Kiefer and told her that the court reporter and the assistant state attorney were both going to submit affidavits into the Foster court file, or this case file, reciting that he did not make the statement in the Foster case, as alleged by defendant Brinson in his first Motion to Disqualify, and, in essence, that attorney Kiefer should drop this whole thing and “save us both a lot of aggravation.”
d.Attorney Kiefer interpreted Judge Downey’s ex parte comments to her to be a veiled threat, and also an intimidation tactic against her.
On May 22, 2001, Judge Downey denied Brinson’s motion to disqualify. On May 24, 2001, Brinson’s attorney filed the instant prohibition petition. On the same day this court issued an order directing the Attorney General to show cause why the petition should not be granted, citing Florida Rule of Appellate Procedure 9.100(h), which provides that such an order operates to stay the trial court proceedings pending consideration of the petition in the appellate court. The following day, May 25, 2001, and presumably in response to this court’s order to show cause, Judge Downey entered an order recusing himself from Brinson’s eases. A petition for writ of prohibition divests a trial court of jurisdiction at the time the district court issues a show cause order. Harrell v. State, 721 So.2d 1185 (Fla. 5th DCA 1998). The State concedes that the trial court did not have jurisdiction to recuse itself from the proceedings and that the order may be treated as a nullity. Thus, the petition remains pending before this court.
Motions to disqualify pose a potential trap to which trial judges occasionally fall prey. Case law forbids trial judges to refute facts set forth in such a motion and doing so will result in the disqualification of the judge irrespective of the facial sufficiency of the underlying claim. Shumpert v. State, 703 So.2d 1128 (Fla. 2d DCA 1997) (citing Bundy v. Rudd, 366 So.2d 440 *1127 (Fla.1978)). See also Valltos v. State, 707 So.2d 348 (Fla. 2d DCA 1997). Attempts by a trial judge to address the truthfulness of allegations embodied in a motion to disqualify create “an intolerable adversary atmosphere between the trial judge and the litigant.” Bundy, 366 So.2d at 442.
This case is distinguishable from Shumpert — wherein the trial court specifically refuted claims in its order of denial— and Valltos — wherein the trial court committed the same error within the context of the prohibition proceeding in this court. In both those cases it was a matter of record that the trial judge in fact challenged factual allegations, either directly or through counsel. In this proceeding we confront only an allegation that the trial judge engaged in this conduct. We hold that a sworn allegation that the trial judge engaged in refuting factual claims in a prior disqualification motion warrants that judge’s removal from the ease. To do otherwise would encourage extra-record attempts at refutation and result in the intolerable atmosphere that the supreme coui’t decried in Bundy, while the law forbids such conduct on the record.[1] The second motion states a facially sufficient claim. The State has conceded that the trial judge erred by denying this second motion, and we agree.
Accordingly, we grant the petition.
THREADGILL, A.C.J., and STRINGER, J., concur.

. This court has no reason to believe that Attorney Kiefer’s report of her conversation with the trial judge is inaccurate. We are mindful, however, of the awkward position that judges face when they are accused of conduct and they are essentially forbidden from defending themselves. While doing so might necessarily require them to recuse themselves from a given case, judges have an obligation to report misconduct of attorneys to The Florida Bar, Fla.Code Jud. Conduct, Canon 3D(2), and should likewise alert appropriate authorities if perjurious affidavits come to their attention.