PER CURIAM.
Seven defendants with pending felony cases and their defense counsel petition for a writ of prohibition seeking a blanket disqualification of Judge Belanger from all cases involving defense counsel. We grant *509 the petition as to the motions for disqualification filed by these petitioners. But we deny the request for a blanket disqualification of the judge.
In October 2010, defense counsel filed a complaint against Judge Belanger with the Judicial Qualifications Commission (“JQC”) regarding events in different cases that occurred over a few years. After filing the complaint, defense counsel moved to disqualify the judge in all cases that she had before him. He granted motions to disqualify in seven cases between October 2009 and June 2013. He then sua sponte recused himself in four additional cases between September 24, 2013 and January 2, 2014 where defense counsel noticed her appearance.
On January 13, 2014, the judge was reassigned to another criminal division that handles a large volume of felony cases. On January 21, 2014, the judge’s judicial assistant informed defense counsel that the judge would no longer automatically recuse himself, and that defense counsel needed to move for disqualification of the judge.
Defense counsel filed motions for the seven petitioners in this case on the same basis as the motions the judge had previously granted. He denied the current motions stating “a trial judge’s comments of mere frustration, admonishment, or annoyance with counsel’s mannerisms, tactics, or abilities is usually not sufficient to infer or impute prejudice toward the defendant or a party” and that “adverse rulings are not grounds for recusal.”
We agree with petitioners that the motions for disqualification were not based on adverse rulings and that the judge’s comments were not mere frustration or admonishment of counsel. Among other grounds, the motions referred to comments the judge made about defense counsel to a pro se litigant in an unrelated case on September 24, 2010, after defense counsel had not appeared before the judge for some time.
A judge reporting an attorney to the Bar or an attorney reporting a judge to the JQC alone is insufficient to require disqualification. 5-H Corp. v. Padovano, 708 So.2d 244, 248 (Fla.1997). But, a judge’s animosity towards counsel may require disqualification. See Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983). “[A] judge may be disqualified due to prejudice towards an attorney where the prejudice ‘is of such degree that it adversely affects the client.’ ” Id. (quoting Ginsberg v. Holt, 86 So.2d 650, 651 (Fla.1956)). Disqualification may also be required where the judge has previously granted disqualification on the same grounds. State v. Cam Voong Leng, 987 So.2d 236, 237 (Fla. 4th DCA 2008) (citing Walls v. State, 910 So.2d 432 (Fla. 4th DCA 2005)).
The judge’s comments about defense counsel to a pro se defendant were inappropriate and gave the petitioners and defense counsel reason to fear that the judge was biased. The remarks appear to comment on defense counsel’s character and were not related to any action that could reasonably have provoked the judge or warranted admonishment.
“Whether disqualification is required depends on the nature of the dispute and the length of time which has transpired since the dispute.” Jarp v. Jarp, 919 So.2d 614, 615-16 (Fla. 3d DCA 2006).
A judge’s gratuitous remarks about counsel or her character undermine respect for the judiciary and the proceedings and leave an impression that the judge is not fair and impartial. The motions contained allegations sufficient for disqualification. The trial judge attempted *510 to characterize these as simply an expression of annoyance at counsel, but such a characterization in effect challenges the facts as set forth in the sworn motion, which a trial judge may not do. See Fla. R. Jud. Admin. 2.330(f).
This petition demonstrated a preliminary basis for relief, and we issued an order to show cause why it should not be granted. The attorney general’s response indicated that the state contacted the judge for comment on this petition. The judge informed the state that he was granting the motions before January 2014 when he was handling only violation of probation cases, but he denied them after he was reassigned to a felony division because he was concerned that a blanket recusal would affect the other judges in the division and lead to forum shopping.
Petitioners reply that the state’s recent ex parte communication with the judge and his explanation for why he denied these motions are not a proper basis to deny this petition. In fact, they provide an additional reason to fear the judge is prejudiced against defense counsel. The petitioners stress that the judge, until recently, found the motions for disqualification facially sufficient. They seek blanket disqualification of the judge, a remedy that is disfavored. R.M.C. v. D.C., 77 So.3d 234, 237 (Fla. 1st DCA 2012) (citing Ginsberg, 86 So.2d at 651-52).
We agree with petitioners that the state should not rely on ex parte communication with the judge to try to refute the motions. See Valltos v. State, 707 So.2d 343 (Fla. 2d DCA 1997). As the Second District warned in J & J Industries, Inc. v. Carpet Showcase of Tampa Bay, Inc., 723 So.2d 281 (Fla. 2d DCA 1998):
Trial judges should exercise extreme caution attempting to defend their actions in prohibition actions such as this, either pro se, through the offices of the attorney general, or through counsel of their own choosing.... A response filed on behalf of the trial judge may create an intolerable adversary atmosphere between the trial judge and the litigant which itself may serve as the basis for disqualification.
Id. at 283. It is safer for the judge to remain silent and let the opposing party respond to the petition. Ellis v. Henning, 678 So.2d 825, 828 (Fla. 4th DCA 1996).
We therefore grant the petition in part and quash the orders denying the motions for disqualification as to these petitioners only.

Petition granted in part.

WARNER, GROSS and MAY, JJ„ concur.