HARRIS, J.
Bruce Allan Higgins, Jr., seeks review of the lower court's denial of his motion to disqualify the trial judge. Because Mr. Higgins established a well-grounded fear that he would not receive a fair hearing from the trial judge assigned to his case, his motion was legally sufficient and should have been granted. We therefore grant the petition.
Mr. Higgins initially filed for an injunction for protection against his wife, Emily Michelle Higgins ("the injunction case"). He successfully secured an injunction against Mrs. Higgins and, in a modified final judgment of injunction for protection, was awarded one hundred percent time-sharing with the couple's minor children. Subsequent to the injunction case, Mrs. Higgins filed a separate petition for dissolution of marriage ("the divorce case"), but over the ensuing four years, remained unable to personally serve Mr. Higgins with the divorce paperwork.
In February 2019, Mrs. Higgins requested a status conference and a hearing in the divorce case before the trial judge, to whom both the divorce and the injunction cases had recently been assigned. The statements of the trial judge at the status hearing and actions he took following the hearing formed the basis for Mr. Higgins's well-founded motion to disqualify.
At the hearing, the court's frustration with the lack of service on Mr. Higgins was evident. The trial judge made unsolicited comments that Mr. Higgins was trying very hard to evade service.[1] The trial judge called Mr. Higgins's actions both ridiculous and outrageous and then mused in open court that if Mr. Higgins was an uncooperative witness in a criminal case, the trial judge could have him arrested. The trial judge, again without any request from Mrs. Higgins, said he would research whether he did, in fact, have the power to have Mr. Higgins arrested. He then instructed Mr. Higgins's attorney, appearing for the limited purpose of arguing lack of personal jurisdiction, to advise Mr. Higgins that the judge found his conduct ludicrous.
The trial judge's improper comments did not stop there. He stated that Mr. Higgins must be a wealthy husband-even though there was no financial evidence in the record-who had taken total control of the situation by virtue of the domestic violence injunction. He opined that Mr. Higgins was abusing the system and wondered whether dissolving the injunction would allow him to make all the findings therein simply go away. Finally, in the injunction case, the trial judge issued an "Order for *206 Hearing of All Matters Related to Time Sharing and Support," despite the fact that there were no pending motions for the court to rule on and no request from Mrs. Higgins for such relief.
Mr. Higgins promptly filed a motion to disqualify the trial judge in the injunction case, arguing that the judge's comments presented a reasonable basis to believe that the trial judge would be unable to impartially consider the evidence in the case or consider Mr. Higgins's other arguments. Mr. Higgins further argued that the trial judge's comments established objectively reasonable grounds for his subjective fear of not getting a fair hearing. The ensuing court order denied the motion to disqualify as legally insufficient without comment.
A petition for writ of prohibition is the proper avenue for review of a motion to disqualify. Sutton v. State, 975 So. 2d 1073, 1076 (Fla. 2008). Where a motion to disqualify is not heard by a successor judge, the only question for the court is the legal sufficiency of the motion. J & J Indus. Inc. v. Carpet Showcase of Tampa Bay, Inc., 723 So. 2d 281, 282-83 (Fla. 2d DCA 1998). As these determinations are purely questions of law, appellate review is de novo. Lynch v. State, 2 So. 3d 47, 48 (Fla. 2008).
Mr. Higgins rightly argues that his motion to disqualify should have been granted because the trial judge, by his comments and actions, strayed from a position of neutrality. Siding with Mrs. Higgins on issues not raised at the hearing and based solely on her testimony, without affording Mr. Higgins an opportunity to respond, showed clear evidence of judicial bias. Further, the trial judge's comments that Mr. Higgins's conduct was ridiculous, outrageous, and ludicrous, his musings about dissolving the injunction and its related findings, his decision to research whether he could arrest Mr. Higgins, and his unorthodox decision to schedule a hearing in the injunction case when there was no motion or request to do so established a well-grounded fear in Mr. Higgins that he would not receive a fair hearing from the judge. See In re Amendments to Fla. Rules of Jud. Admin., 939 So. 2d 966, 1004 (Fla. 2006) (providing that motion to disqualify shall show that "the party fears that he or she will not receive a fair trial or hearing because of described prejudice or bias of the judge"). The motion was legally sufficient and should have been granted.
The remaining issue to resolve is what relief this Court should grant Mr. Higgins. In the prayer for relief in his petition for writ of prohibition, Mr. Higgins mentions disqualifying the trial judge in both cases. Even though the judge's comments were made in the dissolution case, the order he entered on his own initiative to consider matters relating to time-sharing and support was done in the injunction case. Whether through oversight or based on a strategic decision to avoid subjecting himself to the court's jurisdiction in the divorce case, Mr. Higgins filed his motion to disqualify only in the injunction case.
While the judge's inappropriate comments, which seemingly advocated on Mrs. Higgins's behalf, would arguably warrant disqualification in both cases, we decline to order disqualification in the divorce case. Mr. Higgins did not file a motion in that case, nor did his motion in the injunction case request disqualification in the divorce case. While incongruous to disqualify a judge from one case based on comments made in a related case but not to disqualify him in the case in which the comments were made, that is the relief to which the law limits us.
*207 The Petition for Writ of Prohibition is granted. The order denying the motion to disqualify, filed in the injunction case (2014-DR-11465), is quashed and the case remanded with instructions to grant the motion.[2]
EVANDER, C.J., and EDWARDS, J., concur.

The record actually reflects that the court had to strike attempted service on Mr. Higgins on several occasions because of Mrs. Higgins's repeated failure to properly serve him.

Whether Mr. Higgins has any legally sufficient grounds for disqualifying the judge in the divorce case that can be timely presented, or whether the trial judge on his own chooses to disqualify himself in the divorce case, will be left for resolution below.