# Third District Court of Appeal

## State of Florida

Opinion filed May 5, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-0281
Lower Tribunal No. 15-7219
_____

**Henry Tien,**
Appellant,

vs.

**Akerman LLP (and the terminated Akerman, Senterfitt & Eidson, P.A.),**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Henry Tien, in proper person.

Kubicki Draper, P.A., and G. William Bissett, Caryn L. Bellus, and Bretton C. Albrecht, for appellee Akerman LLP.

Before EMAS, C.J., and LINDSEY, and MILLER, JJ.

LINDSEY, J.

Pro se Appellant Henry Tien (Plaintiff below) appeals from an order entering final summary judgment in favor of Appellee Akerman, LLP (Defendant below). Tien also challenges adverse discovery orders and orders granting partial summary judgment in favor of Akerman. Tien's underlying tort claims arose from his forcible removal from the SunTrust International Center in September of 2010. We affirm.[1]

While in the lobby of the SunTrust International Center for a deposition in an unrelated matter, Henry Tien began wielding a metal chair and shouting at the opposing counsel in the unrelated matter. James Bramnick, a managing partner at Akerman, asked Tien to leave the premises. A receptionist then contacted a security guard, William Rivera. Rivera forcibly

---

[1] Tien filed two prior appeals from the same underlying case. This Court treated Tien's appeal from two non-final orders as a petition for writ of certiorari and denied relief in Tien v. Akerman, LLP, 286 So. 3d 810 (Fla. 3d DCA 2019). And this Court per curiam affirmed Tien's appeal of two final judgments awarding discovery sanctions in Tien v. Akerman, LLP, 299 So. 3d 378 (Fla. 3d DCA 2020). Tien also filed a subsequent fourth appeal from an order granting fees and costs, which this Court dismissed for lack of jurisdiction. Tien v. Akerman LLP, 298 So. 3d 604 (Fla. 3d DCA 2019).

removed Tien from the building.[2]  Rivera was not an Akerman employee, but rather an employee of Red Coats, Inc.[3]

At issue in this appeal is Tien's two-count complaint against Akerman. Count I is labeled "negligent use of excessive force" and alleges Akerman was negligent for failing to prevent, or was otherwise liable for, Rivera's alleged use of excessive force in escorting Tien off the premises.  Count II is labeled "Akerman negligently use (and allowing onto Akerman's premises), a security guard" who allegedly had a violent or checkered past.  Both counts seek the same damages: "lost [sic] of future earning capacity"; "pain and suffering"; "costs of needed, past, present, future medical care, future medical monitoring, hospital fees, costs of maintenance and upkeep of his residences in Gables Estates and South Miami"; "costs related to future

---

[2] Tien sued Rivera in state court.  The suit against Rivera was dismissed for Tien's failure to timely serve process.  Tien filed two appeals in the suit against Rivera.  The first was dismissed as premature.  Tien v. Rivera, 210 So. 3d 679 (Fla. 3d DCA 2016).  In Tien v. Rivera, 259 So. 3d 98 (Fla. 3d DCA 2018), this Court per curiam affirmed the dismissal of Tien's action against Rivera.

[3] Tien sued Red Coats in federal court.  Tien asserted Red Coats was liable for Rivera's alleged battery.  The Red Coats suit culminated in a jury trial. The jury found Rivera's actions met the elements of a battery.  However, no liability was imposed against Red Coats because the jury also found Rivera's actions were fully justified as being in self-defense and/or in the defense of others.  The verdict and resulting defense judgment were affirmed on appeal. See Tien v. Red Coats, Inc., 753 Fed. Appx. 768 (11th Cir. 2018).

3

disabilities that will appear"; "costs related to this lawsuit"; "attorney's fees (as damages) and costs in other lawsuits against third parties that Tien had to file to protect his interests and legal rights resulting from the negligence"; and "future economic loss from inability to work due to injuries from the negligence[.]"

Roughly eighteen months into discovery, Tien served his first discovery requests in September of 2016. Although trial had not been set, Tien sought what amounted to comprehensive witness and exhibit lists for trial. Akerman objected to such requests as premature and improper. Tien moved to compel discovery in October 2017, in a motion which sought to overrule Akerman's objections to his September 2016 discovery requests. Tien's motion to compel sought depositions of multiple Akerman employees, some of whom were not identified by name, e.g., "[a]ll persons Akerman intends to call as its witnesses at trial" and "[t]he assistants and paralegals[.]" Akerman filed a motion for protective order in response. Regarding Bramnick (whom Tien did specifically identify), Akerman emphasized that Bramnick already provided Tien a deposition in Tien's suit against Red Coats.

The lower court granted Akerman's motion for protective order and denied Tien's motion to compel depositions—except as to Bramnick. In its January 3, 2018 discovery order (at issue in this appeal), the lower court

4

allowed Tien ten days to show good cause to re-depose Bramnick and to submit areas of inquiry not already covered by Bramnick's testimony in the Red Coats case. Tien wanted to depose Bramnick on issues ranging from Akerman's corporate history to the extent of Tien's claimed injuries. Tien never sought or obtained a hearing or ruling on his response to the show cause order, nor did he further pursue a second deposition of Bramnick.

Tien eventually produced discovery that revealed he sought $1,275,000.00 for past loss wages and a diminished future earning capacity up to age 95 for an additional $13,800,000.00.[4] Akerman filed eight motions for partial summary judgment to address the following categories of damages being claimed by Tien:

1. Past Lost Wages and Future Lost Earning Capacity;
2. Attorney's Fees and Costs;
3. Past and Future Transportation Expenses;
4. Future Health and Life Insurance Premiums;
5. Damages Related to Tien's Mother's Real Property;
6. Future Personal Expenses;
7. Future Medical Expenses; and
8. Educational Expenses.

---

[4] Tien sought damages for, among other things, the following: real estate taxes on two homes owned by his mother; homeowners' association fees and insurance; a new car every six years complete with car insurance; and sums for contemplated attendance at law school and medical school.

The lower court entered orders granting each of Akerman's eight motions for partial summary judgment on Tien's damages claims. Akerman also moved for summary judgment regarding liability. Tien filed nothing in response. Akerman argued the three lawsuits Tien had filed against Red Coats, Rivera, and Akerman were all based on the exact same 2010 incident in Akerman's lobby, relied on the same essential allegations, and sought the same damages for the same alleged injuries. Akerman contended it could not be held liable for Rivera's actions in allegedly injuring Tien when a federal jury's verdict had already established that Rivera's actions were fully justified. The lower court granted Akerman's motion for final summary judgment on the issue of liability. Tien did not move for rehearing. This appeal followed.

Discovery orders are reviewed for abuse of discretion. Am. S. Co. v. Tinter, Inc., 565 So. 2d 891, 892 (Fla. 3d DCA 1990). Orders granting summary judgment are reviewed de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

On the record before us, we can find no abuse of discretion with respect to the lower court's January 2018 discovery order granting Akerman's motion for protective order and denying Tien's motion to compel depositions. Tien has failed to provide a transcript of the December 2017

6

hearing during which the subject discovery motions were discussed and has thus failed to meet his burden to establish reversible error. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979). Notably, this Court gave Tien roughly nine months to supplement the record, but Tien never provided hearing transcripts with the documents he eventually filed. Instead, Tien supplemented with items never filed in the lower court, resulting in this Court striking those supplemental records in an order entered on October 9, 2020. Furthermore, Tien never sought nor obtained a hearing or a ruling on his response to the show cause portion of the January 2018 discovery order and never further pursued a second deposition of Bramnick, thereby waiving the right to appeal those particular portions of the discovery order. See P.D.K., Inc. v. Madeline, 291 So. 3d 134, 136 (Fla. 4th DCA 2020) ("To preserve an issue for appeal, a party must obtain a ruling from the trial court.").

Tien argues the lower court erred when it denied his motion to continue the summary judgment hearing.[5] Because Tien never obtained an order

---

[5] Tien moved to continue both the special set hearing and the trial. However, Tien's motions to continue were neither sworn nor supported by affidavit. They further failed to identify any outstanding discovery or articulate any reason supporting a continuance. Instead, Tien relied on his own unsworn, self-serving assertions that he purportedly needed a minimum of at least six months to respond to Akerman's summary judgment motions, and at least another full year to prepare for trial. The lower court denied Tien's motion to

denying his motion to continue the summary judgment hearing, that issue is not preserved. See id. at 136 (explaining that appellate courts "should not have to guess whether or not a trial court made a ruling"). Thus, we reject Tien's argument that the lower court abused its discretion in failing to continue the hearing.

Irrespective of Tien's failure to file a response in opposition to Akerman's motion for summary judgment, we find the record before us affords no legal basis for reversal. As such, we affirm without further discussion. Tien's arguments in opposition to the lower court's orders granting partial summary judgment (regarding his damages) are rendered moot by our determination that the order granting Akerman's motion for final summary judgment was properly entered.

For the reasons set forth above, we affirm the lower court in all respects.

Affirmed.

---

continue trial. The lower court never specifically ruled on Tien's motion for continuance of the summary judgment hearing and held the hearing as scheduled.