572 So.2d 540 (1990)
DADE COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
The Honorable Dan F. TURNBULL, Judge of Compensation Claims, and Jeannette Rutan, et al., Respondents.
Nos. 90-1225, 90-1226, 90-1371-90-1388.
District Court of Appeal of Florida, First District.
December 12, 1990.
Rehearing Denied January 16, 1991.
*541 Robert A. Ginsburg, Dade County Atty. and Thomas W. Logue, Asst. County Atty., for petitioner.
Edward Schroll, for respondents.
PER CURIAM.
Petitioner seeks writs of mandamus to review orders entered by the lower tribunal which granted motions for recusal. As these 20 individual petitions involve the same issues, we have consolidated these cases for purposes of our review. We grant the petitions for writ of mandamus, quash the orders of recusal issued by the trial court and direct that final orders be entered in these cases.
Twenty Dade County employees filed claims seeking workers' compensation benefits. Although these twenty cases were tried together below, they were not consolidated. Judge of Compensation Claims Dan Turnbull was assigned to hear the cases. The trial lasted 27 days and 80 witnesses testified. At the close of trial, the JCC suggested that both sides submit proposed findings of fact. Arguments on the proposed findings were heard. On January 31, 1990, the JCC issued twenty separate final orders, finding in favor of the employer in each case.
Claimants filed a joint motion for rehearing arguing that there were oversights which could be corrected by rehearing. The JCC heard the motion for rehearing on February 9, 1990. Claimants argued that the final orders did not properly address the logical cause doctrine, that the drafting of the final orders had been improperly delegated to the attorney for the employer and that the occurrence of two seven-word typographical errors in the final orders undermined their legitimacy. After hearing the arguments of both sides, the JCC indicated he would vacate the final orders. Claimants' attorney then requested that he be allowed to draft the final orders, but the offer was declined. The JCC invited both sides to submit proposed, numbered findings of fact within 30 days. He also signed orders vacating the final orders.
On March 12, the employer served proposed findings of fact and conclusions of law. On March 14, claimants submitted further proposed findings of fact. Also on March 14, 1990, the JCC wrote both counsel stating that he had not received any proposed findings from either party and that he was "going to make changes in the Final Orders in order to address the logical cause doctrine." By letter dated March 19, 1990, claimants' attorney confirmed with the JCC that the parties' proposed findings crossed in the mail with the JCC's letter of March 14 and that the JCC had received, but not read the submissions from both parties. The next day, the first motion for recusal was filed.
The motion argued that the claimant believed that the JCC had not read the original final order before he signed it. Claimant stated that she believed this because the final order contained factual and legal errors, the drafting of the final order had been improperly delegated to the attorney for the employer and the final order contained the seven word typographical error. These are the same arguments which were made in the joint motion for rehearing. The JCC entered an order of recusal in two cases and later recused himself from the remaining eighteen cases stating that "having recused himself in two (2) of these twenty (20) cases, it would be inappropriate ... not to recuse himself in this case."
Petitioner now seeks writs of mandamus to quash the orders which granted recusal arguing that the affidavits of recusal were insufficient as a matter of law. Petitioner argues that the JCC's lawful action of delegating the drafting of the order to opposing counsel cannot form the basis for a reasonable belief that the JCC is prejudiced. The typographical error, although regrettable, indicates that the order was drafted by counsel for the employer, *542 but this was stated on the record and cannot support a motion for recusal.
Petitioner also argues that the motions and affidavits of recusal were untimely filed because claimants were aware of the alleged grounds for recusal when they filed their joint motion for rehearing on January 31, 1990. At that time, claimants urged the JCC to vacate the final orders, but did not move for recusal until 39 days later, on March 20, 1990, when the JCC indicated that he was going to re-enter the final orders in modified form. Finally, petitioner argues that mandamus will lie to correct the wrongly entered recusal orders as the parties will be prejudiced and limited judicial resources will be wasted. Alternatively, petitioner seeks certiorari review arguing that the JCC's order is a departure from the essential requirements of law.
Claimants respond in opposition to the petition arguing that the motions for recusal with supporting affidavits are legally sufficient. Claimants also assert that the motions were timely because the JCC had not revealed how he ultimately would rule.
We find that the claimants' motion for recusal should not have been granted. Initially, we note that the Florida Workers' Compensation Rules of Procedure do not contain a rule regarding the disqualification of a JCC. Therefore, we look to Rule 1.432 of the Florida Rules of Civil Procedure and Chapter 38, Florida Statutes, for guidance. Rule 1.432 provides that a party may move to disqualify a judge on the grounds provided by statute, but that the motion to disqualify must be made within a reasonable time after discovery of the facts constituting grounds for disqualification. Claimants were aware immediately after the final orders were entered in January that the typographical errors existed and that the orders had been drafted by counsel for the employer. This delay between the time the final orders were entered and the time the first motion for recusal was filed is fatal. Claimants were aware that the orders had been drafted by counsel for employer, but filed a motion for rehearing. Only when the JCC indicated that the final orders would be modified but not substantially changed did claimants seek recusal. Rule 1.432, Florida Rules of Civil Procedure, provides that a motion to disqualify shall be made within a reasonable time after discovery of the facts constituting the grounds for disqualification. This provision has been strictly interpreted to ensure that parties do not withhold allegations of grounds for recusal while they decide whether or not the judge's ruling will be favorable. Fischer v. Knuck, 497 So.2d 240 (Fla. 1986). In addition, we note that Rule 1.080(h), Florida Rules of Civil Procedure, specifically states that a judge may delegate the drafting of an order to counsel. Although the better practice is for counsel to provide a copy of the proposed order to opposing counsel to allow for a response before the final order is entered, the failure to do so does not supply a basis for a motion for recusal. See, Colony Square Co. v. Prudential Insurance Co., 819 F.2d 272 (11th Cir.1987). Mandamus will lie to correct a recusal based upon a mistaken holding that the recusal affidavit was legally sufficient and timely filed. State ex rel. Locke v. Sandler, 23 So.2d 276 (Fla. 1945); State ex rel. Rembrandt Corp. v. Thomas, 117 Fla. 127, 157 So. 337 (1934).
Claimants have filed a motion for attorney's fee and amended motion. The proper remedy in this case is a petition for writ of mandamus, an original proceeding. Accordingly, the motion for attorney's fee pursuant to Section 440.34(5), Florida Statutes, is denied. Caravasios v. M.W. Spates Construction Co., 441 So.2d 1070 (Fla. 1984). The request for attorney's fee pursuant to Section 57.105, Florida Statutes, is also denied.
We grant the petitions for writs of mandamus and quash the orders of recusal which were entered below. The JCC shall resume jurisdiction over these cases and enter final orders. The claimants' motions for attorney's fee are denied.
WRIT ISSUED.
ERVIN, NIMMONS and MINER, JJ., concur.