PER CURIAM.
This is a petition for writ of prohibition in which Dr. Moulton Keane seeks an order of this court directing presiding Broward Circuit Judge Robert Lance Andrews to remove himself from further proceedings in this case. This is the third petition for such relief by this petitioner, each of which has been based on claims of judicial campaign contributions by opposing counsel. The first one was denied by this court in Keane v. Andrews, 555 So.2d 940 (Fla. 4th DCA 1990). In that first case, Dr. Keane, a defendant in a malpractice action, alleged that he would not receive a fair and impartial trial before Judge Andrews based on campaign contributions to Judge Andrews made by plaintiff’s counsel. His motion for recusal in that ease was denied, as was his subsequent petition for writ of prohibition in this court. In our decision, we acknowledged express, direct conflict with the third district opinion in Breakstone v. MacKenzie, 561 So.2d 1164 (Fla. 3d DCA 1989) (en banc opinion). We also certified the question to the Florida Supreme Court.
The second case arose from a personal injury suit against petitioner Keane, who again moved to recuse Judge Andrews on the grounds of campaign contributions to the judge made by opposing counsel. The motion was denied. Petitioner sought prohibition relief in this court which again was denied. Keane v. Andrews, 561 So.2d 30 (Fla. 4th DCA 1990).
The Florida Supreme Court has since ruled consistently with our two decisions in MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990). The supreme court has also denied Dr. Keane’s petition for review of our first decision, based on its MacKenzie decision.
While the first case was pending in the Florida Supreme Court, Judge Andrews apparently informed the Florida Supreme Court by letter that “I have no intention of responding in this matter, I certainly mean no disrespect to anyone, I just feel that I should not get personally involved....” Nevertheless, according to petitioner, the judge then retained private counsel and filed a motion with supporting affidavits to recuse Chief Justice Raymond Ehrlich and Justice Leander Shaw from considering the matter pending in the Supreme Court. The judge’s motion for recusal of the justices was based on the receipt of campaign contributions by those justices from the lawyers for Dr. Keane. This became the grounds for petitioner Keane’s latest motion, and amended motion for disqualification of Judge Andrews, both of which were denied. That prompted the instant petition.
We conclude that by his actions in the Supreme Court, Judge Andrews has now taken that one step beyond the pale of judicial impartiality by taking an adversarial role necessitating his removal from this case. Gieseke v. Moriarty, 471 So.2d 80 (Fla. 4th DCA 1985). We think that through the motion to disqualify the supreme court justices, Judge Andrews was attempting to refute the charges of partiality leveled at him, albeit by an indirect *167 route, an approach of pointing out the old adage “what’s sauce for the goose is sauce for the gander.”
Nor does the irony of his motion escape us. Judge Andrews declared Dr. Keane’s original motion to recuse legally insufficient to justify a well-founded fear of prejudice when it alleged that Judge Andrews had received campaign contributions from plaintiff’s attorneys. Yet he filed in the Supreme Court an affidavit saying that he feared that it would be impossible for him to receive a fair hearing in the Supreme Court on the very reasons he rejected in the trial court. We agree with petitioner that the filings of the trial judge in the Supreme Court have created “an intolerable adversary atmosphere” between the trial judge and the litigant. Bundy v. Rudd, 366 So.2d 440 (Fla.1978), quoting Department of Revenue v. Golder, 322 So.2d 1, 7 (Fla. 1975) on reconsideration.
We thus grant the petition but withhold the actual issuance of the writ, trusting that it is unnecessary for us to issue the writ, and remand for further proceedings consistent with this opinion.
WALDEN and WARNER, JJ., concur.
LETTS, J., dissents with opinion