626 So.2d 985 (1993)
MILMIR CONSTRUCTION, Employer, and Riscorp, Servicing Agent, Petitioners,
v.
Judge J. Paul JONES, Judge of Compensation Claims and Millard Gulley, Respondents.
No. 93-2076.
District Court of Appeal of Florida, First District.
October 19, 1993.
Rehearing Denied December 2, 1993.
*986 Paul L. Westcott of Rissman, Weisberg, Barrett, Hurt, Donahue and McLain, Vero Beach, for petitioners.
Bill McCabe of Shepherd, McCabe and Cooley, Longwood, for respondent/claimant Millard Gulley.
No appearance for respondent J. Paul Jones.
PER CURIAM.
The employer/carrier (E/C) petition this court for a writ of prohibition. It is contended that the Honorable J. Paul Jones, Judge of Compensation Claims, incorrectly denied a motion for his disqualification on grounds of bias. We have jurisdiction, Nelson v. Santora, 570 So.2d 1374 (Fla. 1st DCA 1990), and for the reasons that follow we deny the petition.[1]
In their motion for disqualification of Judge Jones, the E/C show that they were represented by a member of the law firm of Rissman, Weisberg, Barrett, Hurt, Donahue and McLain (hereafter "the Rissman Weisberg firm"). In February 1992, a hearing was held before the Statewide Nominating Commission to determine whether Judge Jones should be retained in office. A senior member of the Rissman Weisberg firm, Steven Rissman, is a member of that commission and challenged Judge Jones' reappointment by questioning him at length concerning his qualifications, background, demeanor, temperament, and fitness to sit as a judge of compensation claims (JCC). The ability of Judge Jones to act in a fair and impartial manner in the handling of claims, particularly where the E/C were represented by a member of the Rissman Weisberg firm, was questioned by Rissman at the hearing. Certain derogatory remarks made by Judge Jones concerning the testimony of experts in whom he has little faith were brought out at the hearing and Judge Jones did not deny them. The chairman of the commission asked Judge Jones if it were not true that in a conversation the judge had made personally disparaging remarks about Rissman, including accusing him of a campaign to unseat Judge Jones and calling Rissman a "scumball." Judge Jones admitted that he made these remarks. Robert Donahue, a shareholder in the Rissman Weisberg firm, testified at the hearing that there is a widely held belief within the claims industry that Judge Jones is biased in favor of claimants. Two former associates of the Rissman Weisberg firm contradicted that testimony and stated that only the Rissman Weisberg firm holds this belief and that the firm had fostered it in the insurance industry. The motions for disqualification were supported by properly executed affidavits.
A consolidated hearing was held by Judge Jones on this motion for disqualification and those filed in other cases where the E/Cs were represented by the Rissman Weisberg firm. After hearing argument of counsel, Judge Jones denied the motion for disqualification finding that some of the grounds were untimely and that adverse findings and rulings in prior cases may not serve as a basis for recusal. Opposition to a particular judge in a separate and unrelated proceeding, such as a merit retention hearing, is presumed not to result in prejudice against the challenging *987 attorney. If the disparaging remark concerning Rissman at any time served as grounds for disqualification, the 15 intervening months suggest that time would dissipate any anger. Florida courts have rejected a blanket disqualification of a judge from all cases involving a lawyer with whom the judge previously had a conflict. Further, Judge Jones reasoned that the carriers waived disqualification by retaining the Rissman Weisberg firm when they knew that Judge Jones, as the only JCC for District "L" would be the judge assigned to the case. Petitioners argue that under section 38.10, Florida Statutes, when a party files an affidavit showing that it reasonably fears it will not receive a fair trial because of the bias of the presiding judge, the judge shall proceed no further but another judge shall be designated. The judge considering the motion for disqualification may not pass on the truth or falsity of the statements set forth in the affidavits and the motion but must determine whether the motion is sufficient on its face. If the allegations of the affidavit, accepted as true, are legally sufficient then the judge must enter an order of disqualification. Petitioners contend that their motion was legally sufficient. It is also argued that the JCC improperly passed on the truthfulness of the movants' allegations and this alone requires disqualification. Bundy v. Rudd, 366 So.2d 440 (Fla. 1978).
Before turning to the merits of this dispute, we must comment that we are troubled by the lack of statutory and/or rule authority to guide us. This court has previously held that in considering a motion for disqualification of a judge of compensation claims we would look to section 38.10, Florida Statutes, for guidance. Dade County v. Turnbull, 572 So.2d 540 (Fla. 1st DCA 1990); R.P. Hewitt & Associates v. Hurt, 411 So.2d 266 (Fla. 1st DCA 1982). These decisions also discuss compliance with Florida Rule of Civil Procedure 1.432 but we note that this rule has been repealed and replaced with Florida Rule of Judicial Administration 2.160 effective January 1, 1993. See The Florida Bar Re: Amendment to Florida Rules of Judicial Administration, 609 So.2d 465, 466, 490-91 (Fla. 1992). By its express terms, however, rule 2.160(a) provides that it applies only to county and circuit judges. Absent contrary authority, we will continue to look to section 38.10 in considering the correctness of disqualification of judges of compensation claims. We will further require adherence to the requirements that the moving party seek disqualification within a reasonable time of learning of the facts which would serve to disqualify the judge and that the JCC must assume the truth of the facts alleged and only act on the legal sufficiency of the motion. In doing so, however, we bring this problem to the attention of the Florida Legislature and the members of the Florida Workers' Compensation Rules Committee and strongly suggest that they should consider enactment of law and promulgation of rule, respectively, to guide the trial bench and bar as well as this court when considering disqualifications of judges of compensation claims.
While we agree with the petitioners that the grounds for the motion for disqualification were legally sufficient if the motion had been made shortly after the February 1992 commission hearing, the motion in this case was made in March of 1993, over one year later. This is not a question of the litigant failing to timely act, as it appears that the E/C moved for a disqualification shortly after the Rissman Weisberg firm noticed its appearance on their behalf in the cause. Rather, we agree with Judge Jones that the grounds for disqualification were, in effect, stale:
Lawyers, once in controversy with a judge, would have a license under which the judge would serve at their will. Tempers do cool, and anger does dissipate. Prior recusals, without more, do not objectively demonstrate an appearance of partiality.
Diversified Numismatics v. City of Orlando, 949 F.2d 382, 385 (11th Cir.1991) (footnotes omitted). We also note that the Florida Supreme Court has rejected the notion of a blanket, ongoing disqualification of a judge from hearing all cases in which a particular attorney may appear before the court. Livingston v. State, 441 So.2d 1083, 1085 (Fla. 1983). Since this would be the effect of our holding if we were to grant relief, we find *988 Judge Jones correctly denied the motion for disqualification. We have also considered the transcript of the motion hearing and find that Judge Jones did not impermissibly pass on the truth or falsity of the allegations of fact contained in the motion for his disqualification and the accompanying affidavits.
Upon consideration of the above, the petition for writ of prohibition is DENIED.
JOANOS, ALLEN and WOLF, JJ., concur.
NOTES
[1] This court currently has before it several other prohibition petitions which are, for purposes of our analysis, virtually identical to this case. Those petitions will be disposed of by unpublished order upon this opinion becoming final.