PER CURIAM.
Petitioners seek a writ of prohibition from this court, arguing that the judge of compensation claims incorrectly denied a motion for his disqualification on grounds of bias. We grant the petition.
The material facts of this case are virtually identical to those set forth in our opinion in Milmir Construction v. Jones, 626 So.2d 985, with one exception. We find, however, that *989 this exception requires that Judge Jones be disqualified.
The employer/carrier first moved for disqualification of Judge Jones in this case on May 22, 1992, relying as grounds upon the conflict between the JCC and the Rissman Weisberg firm which arose in the re-nomination hearing as described in this court’s Mil-mir Construction opinion. Although the record provided to this court by the parties in their appendices is not entirely clear, apparently Judge Jones had granted several motions for his disqualification based on the same allegations although it does not appear he entered an order in this particular ease. Petitioners have provided us with an order of Judge Jones dated April 24, 1992, in another case on the motion for disqualification. The motion was found to be untimely, legally insufficient, and part of a request for a blanket recusal. The motion was granted, however, on grounds that denial would only result in hearings, appeals, and other delays which would deny justice to the parties. Apparently the same reasoning was applied in this case although, as previously stated, there is no indication that an order to that effect was actually entered by Judge Jones in 1992. In any event, on August 27, 1992, Chief Judge of Compensation Claims Shirley A. Walker entered an order directing that all cases where a member of the Rissman Weis-berg firm appeared in District “L” were transferred to JCC Olivia Devonmille of District “N.” Certain of Judge Devonmille’s cases were, in turn, assigned to Judge Jones. The order states that its effective date is November 1, 1992, and shall be in effect for six months and expiring on April 30, 1993, unless extended. No extension was granted and on June 4,1993, Judge Jones entered an order which denied motions for his disqualification in this case, the Milmir Construction ease, and several other cases.
Although we understand the intentions of Judge Jones and Chief Judge Walker to be that there be a temporary disqualification for administrative convenience, we are unaware of any authority for such an action. Instead, in the words of section 38.10, upon the filing of a proper motion for disqualification, “the judge shall proceed no further, but another judge shall be designated in the manner prescribed by the laws of the state for the substitution for judges for the trial of causes in which the presiding judge is disqualified.” Thus, we believe that the chief judge’s order improperly allowed Judge Jones to return to the role of presiding judge in this cause. We hasten to add, however, that it was entirely proper for Judge Jones to resume hearing cases which came before him for the first time after April 30,1993, or where the Rissman Weisberg firm appeared after that date. It was also proper, as discussed in Milmir Construction, for him to deny motions for disqualification on grounds that the events which gave rise to his alleged bias were too remote in time to serve as adequate legal grounds for disqualification.
Because we find that Judge Jones incorrectly reassumed jurisdiction over this cause after April 30, 1993, we grant the petition and issue our writ of prohibition with directions to the Chief Judge of Compensation Claims to enter such orders as are necessary to protect the interests of the litigants and ensure the timely consideration of the claims in District “L.”
PETITION GRANTED.
JOANOS, ALLEN and WOLF, JJ., concur.