PER CURIAM.
Through a petition for writ of prohibition and amended petition for writ of prohibition, the City of Lakeland (City) seeks disqualification of Judge of Compensation Claims Charles Vocelle from workers’ compensation proceedings in which the City appears as a party. We have jurisdiction, Keane v. Andrews, 574 So.2d 165 (Fla. 4th DCA 1990) and, for the reasons that follow, we deny relief.
In its initial motion for disqualification presented to Judge Vocelle, the City relied upon the appearance of its Risk Manager, Allen Wilson, at a 1993 hearing of the Judicial Nominating Commission where Wilson spoke against the reappointment of Judge Vocelle. Further, in early 1995 Wilson met with the Governor’s legal counsel in an attempt to influence the Governor to not reappoint Judge Vocelle. According to the motion:
Within 24 hours of the meeting with the Governor’s counsel, Allen Wilson learned that the news of his visit with the Governor’s counsel had already spread to certain members of the local Workers’ Compensation claimant’s bar. Allen Wilson is very concerned that any further proceedings or matters which are heard before the Honorable Charles Vocelle will be tainted and prejudiced by Mr. Wilson’s aggressive efforts to not have the Honorable Charles Vocelle reappointed as Judge of Compensation Claims.
The motion for disqualification further stated that Judge Vocelle had been reappointed and that Wilson feared that the City would not receive fair trials on account of bias or prejudice on the part of Judge Vocelle against Wilson in his official capacity as the City’s Risk Manager. A written order denying the motion for disqualification was entered which stated the motion was legally insufficient but otherwise making no comment. Shortly thereafter, the City again moved for disqualification of Judge Vocelle. This motion showed that an attorney who frequently represents claimants took Wilson’s deposition in a matter pending before Judge Vocelle and questioned Wilson at length regarding the City’s concern that it would not receive fair treatment at the hands of Judge Vocelle. The City, through its agents, construed these remarks and questions as evidencing the claimant’s bar’s preference for Judge Vocelle. The motion also relied upon Judge Vocelle’s scheduling of a hearing on the first motion to *614 disqualify. Judge Vocelle denied the second motion for disqualification, finding it also legally insufficient.
In its petition to this court, the City argues that its motions for disqualification expressed a well-founded fear that it will not receive fair trials before Judge Vocelle because of his prejudice. According to petitioner, a party who repeatedly questions the fairness of a trial judge could reasonably expect the judge to harbor antipathy toward it and the trial judge must assume the truth of the facts alleged in a motion for disqualification. Petitioner argues that the facts described above stated legally sufficient grounds for disqualification. We disagree. The first motion, insofar as it relied upon Wilson’s activities in 1993, was properly denied as stale. Milmir Construction v. Jones, 626 So.2d 985 (Fla. 1st DCA 1993), review denied, 637 So.2d 236 (Fla.1994). We further find that neither the questions posed to Wilson at deposition nor his self-serving answers thereto serve as a factual basis for a legally sufficient motion for disqualification. Documents appearing in petitioner’s appendix indicate that no hearing was actually held on the first motion and the ministerial setting of a hearing upon request, without more, is not a legally cognizable ground for disqualification of a judge.
A closer question is presented by Wilson’s active opposition to Judge Voeelle’s reappointment in early 1995. However, there is a presumption that a judge will remain impartial even where counsel of record has voiced opposition to the election (or, as in this case, reappointment) of a judge. Paul v. Nichols, 627 So.2d 122 (Fla. 5th DCA 1993). Petitioner here has failed to dispel that presumption. See also, MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990) (opposing counsel’s contribution to campaign of judge’s spouse, without more, insufficient ground for disqualification). In summary, we find that the City’s claims for disqualification of Judge Vocelle were premature and overstated. As in Paul v. Nichols, this does not foreclose the possibility that the City may at some later date adequately demonstrate prejudice against it on the part of Judge Vocelle to justify disqualification.
PETITION AND AMENDED PETITION FOR WRIT OF PROHIBITION DENIED.
ZEHMER, C.J., and BARFIELD and KAHN, JJ., concur.