814 So.2d 471 (2002)
MAY INVESTMENTS, INC., etc., et al., Petitioners,
v.
LISA, S.A., etc., Respondent.
No. 3D02-97.
District Court of Appeal of Florida, Third District.
March 6, 2002.
Rehearing, Rehearing and Certification of Conflict Denied May 8, 2002.
Astigarraga, Davis, Mullins & Grossman, and Jose I. Astigarraga, Edward H. *472 Davis, Jr., Edward M. Mullins, Miami, and Annette C. Escobar, for petitioners.
Carlton, Fields, Ward, Emmanuel, Smith, & Cutler, and Michael Winston, Miami; Rodriguez & Machado, and Albert J. Xiques, Juan J. Rodriguez, and Hilda Piloto, Miami, for respondent.
Before GREEN, SHEVIN, and RAMIREZ, JJ.
Rehearing, Rehearing En Banc and Certification of Conflict Denied May 8, 2002.
RAMIREZ, J.
May Investments, Inc., Eastwind Holdings, Inc., Chabel Aviation, Inc., and Marlin Investments, Inc., defendants below, petition for writ of mandamus to direct the trial court to quash an order of recusal. We grant the petition.[1]
On November 29, 2001, the plaintiff filed a verified motion for disqualification, arguing that the trial judge did not recognize that over eighteen months earlier he had ruled in plaintiff's favor on defendants' motion to dismiss for forum non conveniens and that the trial judge intended to reconsider that motion anew. The trial court entered an order of recusal on December 12, 2001.
Mandamus is the proper remedy "to correct a recusal based upon a mistaken holding that the recusal affidavit was legally sufficient and timely filed." Dade County v. Turnbull, 572 So.2d 540, 542 (Fla. 1st DCA 1990). See also State ex. rel. Rembrandt Corp. v. Thomas, 117 Fla. 127, 157 So. 337, 339 (1934) ("Where a judge has decided that he is disqualified to hear a case, and has made an order refusing to hear the same on that account, mandamus is [the] proper remedy to require him to hear it, if it be that he is not in law and in fact disqualified to do so.").
The subjective fears of a party seeking disqualification of a judge are not reasonably sufficient to justify a well-founded fear of prejudice. See Waterhouse v. State, 792 So.2d 1176, 1194 (Fla. 2001); Shuler v. Green Mountain Ventures, Inc., 791 So.2d 1213, 1215 (Fla. 5th DCA 2001). Instead, "[t]he fears of judicial bias must be objectively reasonable." State v. Shaw, 643 So.2d 1163, 1164 (Fla. 4th DCA 1994). See also Fischer v. Knuck, 497 So.2d 240, 242 (Fla.1986) (subjective fears were not reasonably sufficient to justify a well-founded fear of prejudice, and in fact, were "frivolous and appear designed to frustrate the process by which petitioner suffered an adverse ruling").
Accepting all of the allegations in the motion for disqualification as true, the motion was legally insufficient. The plaintiff's contention was that the trial court was biased because it had asserted that it had not ruled in favor of the plaintiff on the defendants' motion, when it had in fact done so. The retraction of an order is not a proper basis for a recusal motion. Precision Tune Auto Care, Inc. v. Radcliff, 731 So.2d 744, 745 (Fla. 4th DCA 1999) ("[A] trial court has the inherent authority to reconsider a non-final order and modify or retract it."). The Florida Supreme Court has held that a trial judge's retraction of previous orders in favor of a litigant is not a legally sufficient basis for recusal. See, e.g., Barwick v. State, 660 So.2d 685, 694 (Fla.1995). Similarly, a litigant's dissatisfaction with a court ruling is not a basis for recusal. See Thompson v. State, 759 So.2d 650, 659 (Fla.2000) ("the fact that a judge has ruled adverse to the party in the past does not constitute a legally sufficient ground for a motion to disqualify"). *473 See also Williams v. State, 689 So.2d 393, 396 (Fla. 3d DCA 1997) ("It is well-settled law that a judge's adverse rulings may not serve as a sufficient basis for recusal."). Finally, faulty memory on the part of the judge cannot alone indicate bias.
We therefore grant the petition for mandamus relief.
NOTES
[1] We had initially denied the petition as moot. We have now been persuaded otherwise and withdraw the order dated January 24, 2002.