885 So.2d 391 (2004)
Lamonica BROWN, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D04-2688.
District Court of Appeal of Florida, Fifth District.
October 1, 2004.
*392 Susan E. Barnes of Susan E. Barnes, P.A., Orlando, for Petitioner.
No appearance for Respondent.
MONACO, J.
Lamonica Brown petitions this court seeking issuance of a writ of mandamus to require the trial judge to withdraw an order recusing himself from consideration of her case, and requiring the trial court to rescind an order vacating an earlier order granting Rule 3.850 relief.[1] We deny the petition.
The facts are straight forward. After an evidentiary hearing the originally assigned trial judge, Judge Whitehead, granted Ms. Brown's Rule 3.850 motion, and ordered a new trial. At a bench conference the same day, however, Judge Whitehead announced that he was going to recuse himself because he had been approached in church by one of Ms. Brown's relatives, apparently seeking favorable treatment for Ms. Brown. The State immediately filed a motion to disqualify Judge Whitehead, and argued that he should also withdraw the order granting the Rule 3.850 relief. Judge Whitehead granted the motion, and rescinded the earlier order. A new judge was assigned, and although we have not been made aware of its status, the case is apparently still pending below.
Meanwhile, seventeen months passed. Ms. Brown now seeks the mandamus relief earlier referenced.
Rule 9.100, Florida Rule of Appellate Procedure, governs appellate extraordinary relief, including mandamus. Although that rule contains no specific time limit within which mandamus must be sought, it seems clear that a petitioner must act within reasonable temporal bounds. Cf., Estate of Carlton v. Rogers, 378 So.2d 1212 (Fla.), cert. denied, 447 U.S. 922, 100 S.Ct. 3013, 65 L.Ed.2d 1114 (1980). This is particularly true since mandamus is governed by equitable principles. See State ex rel. Davis v. Adams, 238 So.2d 415 (Fla.1970). We have previously held that the thirty-day time limit applicable to seeking certiorari under Rule 1.630(c), Florida Rules of Civil Procedure, does not apply to mandamus, because mandamus is often sought to compel the rendition of an order. See Milanick v. Town of Beverly Beach, 820 So.2d 317 (Fla. 5th DCA 2001). Under those circumstances it would be illogical to apply a thirty day limitation. In the present case, however, in which the petitioner is seeking mandamus seventeen months after the recusal order is entered, relief is being sought in a time frame that is well in excess of the envelope of reasonability. On this ground alone a denial of the petition is justified.[2]
Perhaps more importantly, however, Judge Whitehead did exactly what he should have done under the circumstances. By his actions he sought to maintain the confidence of the public in the impartiality of the judiciary, as he was required to do. *393 See Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 861-864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). As the Florida Supreme Court has noted, "no judge shall preside in a case in which he is not `coldly neutral,' impartial, and independent." See Seay v. State, 286 So.2d 532, 544 (Fla.1973), cert. denied, 419 U.S. 847, 95 S.Ct. 84, 42 L.Ed.2d 77 (1974). If the trial judge felt his impartiality or independence was compromised, or if he concluded that there might be an appearance of impropriety, then his disclosure and recusal was appropriate. Deference should be given to the decision of a trial judge not to preside over a case. See Ingram v. Coca-Cola Enterprises, Inc., 823 So.2d 314 (Fla. 5th DCA 2002). Once the judge concluded that he should voluntarily recuse himself from the case, vacating his earlier order, while perhaps not required, was certainly within his discretion.
PETITION DENIED.
SAWAYA, C.J., and SHARP, W., J., concur.
NOTES
[1] Mandamus will lie to correct a recusal based upon a mistaken determination that the premise for the recusal is sufficient. See Ingram v. Coca-Cola Enterprises, Inc., 823 So.2d 314 (Fla. 5th DCA 2002); May Invs., Inc. v. Lisa, S.A., 814 So.2d 471 (Fla. 3d DCA 2002).
[2] We note, as well, that a judge must rule on a motion to disqualify filed pursuant to Rule 2.160, Florida Rules of Judicial Administration, "immediately." This term has been defined by the Florida Supreme Court to mean not later than 30 days after the presentation of the motion to the court. See Tableau Fine Art Group, Inc. v. Jacoboni, 853 So.2d 299, 302 (Fla.2003).