919 So.2d 614 (2006)
George JARP, Petitioner,
v.
Maria Luisa JARP, Respondent.
No. 3D05-2537.
District Court of Appeal of Florida, Third District.
January 18, 2006.
Aubrey Webb, Miami, for petitioner.
Andrew M. Leinoff, Coral Gables, for respondent.
Before CORTIÑAS and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
ROTHENBERG, Judge.
The petitioner, George Jarp, seeks a writ of prohibition to prevent the trial judge from presiding over his dissolution of marriage proceedings. As we find that the factual allegations contained in his motion for disqualification are legally insufficient *615 to require disqualification, we deny the petition.
On October 3, 2005, the petitioner's wife, Maria Luisa Jarp, filed a petition for dissolution of marriage and the case was assigned to the trial judge who is the subject of this writ of prohibition. Thereafter, the petitioner's attorney, A.J. Barranco, sent a letter to the judge requesting that she recuse herself. When the trial judge denied his request, Mr. Barranco timely filed a verified motion for disqualification with accompanying sworn affidavits by Mr. Barranco and the petitioner, along with several attachments.
The gravamen of the petitioner's motion to disqualify is that due to Mr. Barranco's vocal public objection and active campaign to oppose the judge's candidacy to the circuit bench in 1984; the heated exchanges between him and the judge shortly after she was elected to the bench; and remarks allegedly made by the judge's husband to an unnamed third party soon thereafter, the petitioner fears that he will not receive a fair hearing before this judge if he is represented by his attorney, Mr. Barranco. In support, the petitioner relies on the fact that, in the past, the trial judge has granted other motions to disqualify which were filed by Mr. Barranco, and that the trial judge, sua sponte, has entered orders recusing herself when Mr. Barranco was the attorney of record.
A motion for disqualification must be granted if the alleged facts would cause a reasonably prudent person to have a well-founded fear that he/she would not receive a fair and impartial trial. Rogers v. State, 630 So.2d 513 (Fla.1993); Mulligan v. Mulligan, 877 So.2d 791, 792 (Fla. 4th DCA 2004). In determining whether the motion is legally sufficient, the allegations "must be taken as true and must be viewed from the movant's perspective." Siegel v. State, 861 So.2d 90, 92 (Fla. 4th DCA 2003).
In denying the motion for disqualification, the trial judge cited to Town Centre of Islamorada, Inc. v. Overby, 592 So.2d 774 (Fla. 3d DCA 1992). In Town Centre, this court held that disqualification was not required when the grounds for disqualification involved an extra-judicial dispute between the judge and counsel which occurred several months before counsel was retained and counsel accepted the case knowing that it had been assigned to that judge. This court reasoned that since counsel knowingly accepted a case already assigned to the judge, he and his law firm waived their right to move for disqualification. Id. at 775-76.
In his sworn affidavit in support of his motion for disqualification, the petitioner states that he hired Mr. Barranco to handle his divorce before his wife filed her petition for dissolution of marriage and prior to the case being assigned to the instant judge. As we must take this allegation as true, we conclude that Town Centre is inapplicable.
Our decision, therefore, rests on whether a trial judge is required to disqualify herself from a case when the grounds for disqualification are based upon a past dispute between a party's attorney and the judge; and the judge has granted prior motions to disqualify filed by that attorney or has recused herself, sua sponte, from presiding over matters in which the attorney appeared as an attorney of record. In Livingston v. State, 441 So.2d 1083 (Fla.1983), the Florida Supreme Court rejected the notion that disqualification is automatically required when it is based upon a dispute between an attorney and the judge. Whether disqualification is required depends on the nature of the dispute and the length of *616 time which has transpired since the dispute.
In Milmir Construction v. Jones, 626 So.2d 985 (Fla. 1st DCA 1993), the First District concluded that, while the dispute between counsel and the judge was of such a nature as to initially warrant disqualification, it was no longer grounds for disqualification fifteen months later.[1] Likewise, the same court declined to issue a writ of prohibition when the grounds for disqualification occurred two years earlier, finding that the grounds were stale. City of Lakeland v. Vocelle, 656 So.2d 612, 614 (Fla. 1st DCA 1995).
In the instant case, the dispute between the judge and Mr. Barranco occurred twenty years ago. While the nature of the dispute was such as to warrant disqualification in 1984, and for a period of time thereafter, we conclude that this dispute is simply too stale to require disqualification in 2005. We are also unpersuaded by the petitioner's argument that the trial judge must continue to disqualify herself because she granted Mr. Barranco's motions for disqualification in the past, and has recused herself, sua sponte, without a formal motion being filed. The petitioner has not cited to any case which so holds, nor do we believe that he can as such a finding would be contrary to well-settled law which has declined to issue such a blanket decree, and instead has required that each case be examined on its merits, taking into consideration the nature of the dispute, the length of time which has transpired since the dispute, and other relevant factors.
The record before us establishes that the dispute between Mr. Barranco and the judge occurred in 1984, and involved heated words between the two based upon Mr. Barranco's public opposition to the judge's judicial campaign. In 1986, when Mr. Barranco moved to disqualify the judge, the judge granted his motion. In 1988, she granted two more motions for disqualification based upon requests by Mr. Barranco. In 1992, the judge recused herself, sua sponte, five times, and in 1993, one time, also sua sponte, from presiding over cases in which Mr. Barranco was the attorney of record. In each of the orders prepared by the judge, she specifically noted Mr. Barranco's representation of a party when recusing herself. The final sua sponte recusal by the judge, which is contained in the petitioner's pleadings, is dated February 20, 2003. This order of recusal differs from the others as Mr. Barranco is not mentioned in the recusal order. The current motion for recusal was filed on October 17, 2005.
We agree with the First District in Milmir and the Eleventh Circuit in Diversified Numismatics, Inc. v. City of Orlando, Fla., 949 F.2d 382, 385 (11th Cir.1991), that to require a judge to disqualify himself or herself regardless of how stale the grounds for disqualification, would essentially provide "[l]awyers once in controversy with a judge," with "a license under which the judge would serve at their will. Tempers do cool, and anger does dissipate. Prior recusals, without more, do not objectively demonstrate an appearance of partiality." Milmir, 626 So.2d at 987 (quoting Diversified, 949 F.2d at 385).
The last time the judge either granted a motion for disqualification or recused herself based upon Mr. Barranco's involvement in the case was 1993, twelve years ago. While the judge recused herself in case no. 94-22427 on February 20, 2003, there is no indication in the order regarding the reason(s) for recusal. As the judge *617 has previously specifically referred to Mr. Barranco's involvement in all orders granting disqualification or recusal as the grounds for doing so, it cannot be inferred that the 2003 order, without reference to Mr. Barranco, was based upon his involvement in the case. But even if we were to infer that it was, our conclusion would be the same. "Tempers do cool, and anger does dissipate. Prior recusals, without more, do not objectively demonstrate an appearance of partiality." Id. As the judge has willingly, and without prompting, recused herself in the past, we can only assume that she did so because (1) she was concerned that Mr. Barranco's clients would have a well-founded fear that, based upon prior difficulties between the judge and Mr. Barranco, they would not receive a fair and impartial hearing; and/or (2) she herself felt that the disagreement between her and Mr. Barranco could have had an impact upon the proceedings. As the judge has denied Mr. Barranco's motion in 2005, over twenty years after the events in question and no new allegations have arisen, the judge concluded that the issue that existed in 1984 is finally stale and should be put to rest. We agree.
Petition denied.
NOTES
[1] The attorney in Milmir, while sitting on a judicial nominating commission, had, as in the instant petition, challenged the judge's appointment to the bench by questioning the judge's qualifications and fitness. Moreover, the judge actually admitted to calling the attorney a "scumbag."