# Third District Court of Appeal

## State of Florida

Opinion filed May 3, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-707
Lower Tribunal No. 21-126-A-K
_____

**Olaoluwa Ogunwale,**
Petitioner,

vs.

**The State of Florida, et al.,**
Respondents.

A Case of Original Jurisdiction—Prohibition.

Olaoluwa Ogunwale, in proper person.

Ashley Moody, Attorney General, for respondent The State of Florida.

Before EMAS, SCALES and LINDSEY, JJ.

PER CURIAM.

*Pro se* petitioner Olaoluwa Ogunwale's April 17, 2023 petition for writ

of prohibition  seeks review of a September 8, 2021 trial court order denying

petitioner's July 23, 2021 motion asserting immunity pursuant to Florida's Stand Your Ground law. See § 776.032, Fla. Stat. (2021). We decline to review the petition and, *sua sponte*, dismiss the petition for two reasons: it is both successive and untimely.

The trial court entered its September 8, 2021 order after an August 30, 2021 evidentiary hearing in which petitioner was represented by counsel. On September 27, 2021, petitioner filed in this Court his first *pro se* prohibition petition, challenging the order (hereinafter, "Ogunwale I"). Noting that petitioner had been represented by counsel in the proceedings below, the Ogunwale I panel appointed the trial court as a commissioner to hold a hearing for the purpose of determining whether petitioner wished to discharge his privately retained counsel and proceed *pro se* or, in the alternative, whether petitioner's counsel would formally adopt the pending petition. The trial court conducted the hearing and filed a report with this Court notifying the Ogunwale I panel that (i) petitioner did not wish to discharge his privately retained counsel, (ii) petitioner's counsel would not be adopting the *pro se* petition, and (iii) petitioner decided to abandon his *pro se* petition. Upon receipt of the report, this Court dismissed the Ogunwale I petition on November 16, 2021. Ogunwale v. State, 352 So. 3d 865 (Fla. 3d DCA 2021).

2

The lower court docket reflects that, almost a year later, on or about October 4, 2022, the trial court granted petitioner's privately retained counsel's motion to withdraw from representing petitioner; the docket thus reflects that, since October 4, 2022, petitioner has been proceeding *pro se*. Petitioner's instant *pro se* prohibition petition again challenges the same September 8, 2021 order that petitioner challenged in Ogunwale I. The instant petition is successive and we decline to adjudicate it.[1]

While Florida's Rules of Appellate Procedure do not contain a specific provision requiring prohibition petitions to be filed within a certain time period in order to invoke this Court's jurisdiction, we may exercise our discretion and decline to adjudicate a petition that is not filed within a reasonable time from the rendition of the order being challenged. Snow v. State, 352 So. 3d 529, 535 (Fla. 1st DCA 2022) (holding that an unreasonable delay in filing a prohibition petition to challenge a Stand Your Ground order subjects the petition to denial as untimely); see Brown v. State, 885 So. 2d 391, 392 (Fla.

_____

[1] We recognize that the petition is not "successive" in the sense of its having received a previous ruling, for petitioner abandoned it. See, e.g., Brown v. State, 343 So. 3d 1248, 1249 (Fla. 3d DCA 2022) (holding that petition for writ of certiorari was successive, warranting denial, because petition sought the same relief as prior post-conviction motion). Nonetheless, it is successive in that it challenges the same Stand Your Ground order as the preceding petition, and under the discretionary remedy of prohibition we are not compelled to review it.

3

5th DCA 2004) (holding that a petition for a writ of mandamus was untimely when it sought to require a trial judge to withdraw a recusal seventeen months after the recusal). Given the time that has elapsed between the trial court's rendition of the order and petitioner's filing of the instant petition – more than twenty-one months – we decline to adjudicate the petition's merits on this basis, as well.

Petition dismissed.