IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


DIKARI JACQUEZ COLBERT,

  Petitioner,

 v.         Case No. 5D23-987
           LT Case No. 2019-CF-1607

STATE OF FLORIDA,

  Respondent.
_____/

Opinion filed June 2, 2023

Petition for Writ of Prohibition,
Mary P. Hatcher, Respondent Judge.

Benjamin M. Boylston, of The Law
Office of Ben Boylston, P.A.,
Tavares, for Petitioner.

Ashley Moody, Attorney General,
Tallahassee, and Richard A. Pallas,
Jr., Assistant Attorney General,
Daytona Beach, for Respondent.

PER CURIAM.

  DENIED.

EISNAUGLE and BOATWRIGHT, JJ., concur.
MAKAR, J., concurring specially, with opinion.

MAKAR, J., concurring.

This case involves a petition seeking a writ of prohibition to halt the prosecution of Dikari Jacquez Colbert, who claimed but was denied self-defense immunity under Florida law. I agree that denial of Colbert's petition is justified on the merits as supported by the record, and as argued in the State's response.

In its response, the State urges, alternatively, that relief should be denied because Colbert's petition was not timely filed in this Court, which applies a reasonableness standard to extraordinary writs that lack specific filing deadlines. *See, e.g.*, *Brown v. State*, 885 So. 2d 391, 392 (Fla. 5th DCA 2004) (noting that although there exists "no specific time limit within which mandamus must be sought, it seems clear that a petitioner must act within reasonable temporal bounds"); *see generally* Philip J. Padovano, 2 Fla. Prac., Appellate Practice § 30:3 (2023 ed.) (stating an "appellate court may deny relief if a petition for writ of prohibition was not filed within a reasonable time from the discovery of the grounds for relief").

No set-in-stone temporal yardstick exists for determining reasonableness; the thirty-day time limit that applies in certiorari petitions, for example, does not apply to other extraordinary writs, including prohibition.

2

*Milanick v. Town of Beverly Beach*, 820 So. 2d 317, 319 (Fla. 5th DCA 2001) (same); *see generally* Padovano, *supra*, § 30:3 (stating that prohibition "is not among the extraordinary remedies that are subject to a jurisdictional time limit"). Instead, each case must be judged on the facts and circumstances presented and not by some ad hoc or impromptu litmus test. *Brown*, 885 So. 2d at 392; *cf. Snow v. State*, 352 So. 3d 529, 535 (Fla. 1st DCA 2022) (sua sponte utilizing a forty-five-day standard that applies to non-final appeals to deny prohibition petition as untimely).

This Court in *Brown*, for example, held that a seventeen-month *unexplained* delay in filing warranted the denial of a petition for mandamus seeking recusal of a judge. 885 So. 2d at 392. Under principles of equity, the absence of an explanation for this substantial delay is sufficient to deem such a lengthy delay in filing as unreasonable. Padovano, *supra,* § 30:3 ("As with other extraordinary remedies, the appellate court may apply equitable principles in determining the right to relief."); *see also Brown*, 885 So. 2d at 392 (noting absence of strict time deadlines for extra ordinary writ of mandamus, which "is governed by equitable principles").

Here, the equities disfavor the claim of untimeliness because the State alleges no prejudice to its prosecution of Colbert from his filing of the prohibition petition, nor any adverse harm to the criminal process generally.

3

It is claimed that Colbert "orchestrated" delay, but the State itself agreed to the delays arising from the multiple *unopposed* motions for continuance that were granted. These continuances, in part, arose from Colbert's stated intent to "file for a writ of prohibition relating to the denial of his motion for pretrial immunity," such that the State knew and acceded to the continuances and resulting delay. In at least one instance, the "State also desire[d] a continuance, because [the assistant state attorney in the case] will be prosecuting a murder trial the same week that these cases are scheduled for trial." Having agreed to multiple continuances, at times for its own benefit, the State is in no position to assert that Colbert alone "orchestrated" the delay and that his petition is thereby untimely.

Had the State objected to continuances and demonstrated prejudice to its case or the adjudicative process, the nine months between the trial court's order and the filing of a petition in this Court might have been deemed untimely; it depends on the overall circumstances. As Colbert pointed out in his legal papers, no case then existed in this District or in Florida's state court jurisprudence that had denied a prohibition petition seeking review of a self-defense immunity order due to untimeliness. The First District's recent split decision in *Snow*, which was the first to do so in a published opinion, acknowledged that "we have found no case law denying a prohibition petition

4

to review a self-defense immunity order on the basis that the petitioner did not act as soon as practicable." 352 So. 3d at 536. The absence of caselaw is unsurprising because no evidence exists that petitions seeking review of self-defense immunity rulings are used for improper purposes as a general matter; that's not to say that they can't be used improperly or that abuses have not occurred. More often than not, it appears that the State understands and accepts the need for additional preparation time or has its own independent basis for continuances. It is when a lengthy and unexplained delay in filing is shown, thereby lacking justification, that a denial of relief based on untimeliness is appropriate. Indeed, the Third District just did so due to a pro se litigant's unjustified twenty-one-month delay in filing a prohibition petition. *Ogunwale v. State*, No. 3D23-707, 2023 WL 3214630, at *1 (Fla. 3d DCA May 3, 2023). Again, until a clear standard is set by rule,[1] the proper focus is on the circumstances in each case including whether prejudice is shown in determining reasonableness.

Because the State agreed to multiple extensions in the trial court, and does not allege prejudice, an improper purpose, or an abuse of process by

---

[1] The Florida Bar Appellate Rules Committee is currently considering whether to propose a rule for the supreme court's consideration.

Colbert, the standard of reasonableness that governs timeliness for prohibition petitions is met.