840 So.2d 1097 (2003)
Vernon M. LESLIE, Jr., Petitioner,
v.
Kathleen M. LESLIE, Vernon M. Leslie and Peter J. Forman, Respondents.
No. 4D02-3454.
District Court of Appeal of Florida, Fourth District.
March 5, 2003.
Rehearing Denied April 8, 2003.
Vernon M. Leslie, Jr., Okeechobee, pro se.
Charlie Crist, Attorney General, Tallahassee, Charles M. Fahlbusch, Assistant Attorney General, Ft. Lauderdale, for respondent Judge Mary Lupo.
Joanne Fanizza of the Law Offices of Joanne Fanizza, P.A., Ft. Lauderdale, for respondents Kathleen M. Leslie and Vernon M. Leslie.
WARNER, J.
Petitioner filed this writ for prohibition to disqualify the trial judge from further proceedings in this case. Because the trial judge made comments which indicated she would not give credit to petitioner's testimony or case, petitioner's motion to disqualify *1098 was legally sufficient. We therefore grant the petition.
Petitioner, an incarcerated prisoner, is a beneficiary of the Estate of Mary Lincoln, his grandmother. His mother, also a beneficiary, is personal representative of the estate. Petitioner claimed that prior to his grandmother's death, his mother and father unduly influenced her into transferring most of her assets, valued at $600,000, into joint names with the mother, reducing the estate to assets of nominal value. The court appointed Mr. Peter Forman as administrator ad litem to investigate petitioner's claims. In the administrator's report, he concluded that because the amount in controversy was small, litigation to recover these jointly held assets would not be practical for the estate to pursue.
When a motion was filed to approve the administrator's report, to authorize payment of his fees, and to close the estate, petitioner filed a motion to transport, requesting the court to order the prison authorities to send him to Palm Beach County in order to attend the hearing. In denying the motion, the court determined petitioner's presence would not likely affect the outcome of the proceedings. The court stated:
Petitioner maintains that his presence in court is required so that he may testify and introduce evidence. However, the Administrator Ad Litem appointed by the court has thoroughly investigated and examined all of the pleadings and proffered evidence, and has concluded that based upon the minimal amount in controversy and the significant issues of fact and the potential costs of continuing the lawsuit, it is not feasible to go forward with the litigation, both from a legal and economics standpoint. This Court believes that the Administrator is one of the most admirable in the probate division and has great confidence in his judgment. Therefore, Petitioner's presence in court is unlikely to affect his probability of success on the merits of his claims which conflict with the recommendations of the Administrator.

(Emphasis added). Petitioner filed a motion to disqualify the trial court asserting the judge's comments indicated petitioner could not get a fair hearing before the judge. The trial court denied the motion, prompting this petition.
"While it is well-settled that a judge may form mental impressions and opinions during the course of hearing evidence, he or she may not prejudge the case." Barnett v. Barnett, 727 So.2d 311, 312 (Fla. 2d DCA 1999). Here, the trial judge essentially prejudged the case. If petitioner was present, his testimony would not influence the judge's decision. The administrator had already determined the issue, and the judge indicated she would rely on his conclusions. The motion was legally sufficient to warrant her disqualification.
Because we have determined the trial judge should have recused herself, a successor judge must be appointed. Florida Rule of Judicial Administration 2.160(h) provides that prior factual or legal rulings by the disqualified judge may be reconsidered, vacated or amended by a successor judge upon motion filed within twenty days of the order of disqualification. Petitioner may therefore file a motion to reconsider the court's orders denying the motion to transport and approving the administrator ad litem's report, as well as petitioner's motion for fees within twenty days of the issuance of our mandate. We would note that even if the successor judge should again deny the motion to transport, due process requires that petitioner be given an alternate means of presenting his case and argument, whether by telephonic *1099 presence or by affidavits and written argument.
We also vacate the order of discharge dated October 7, 2002, which was entered after the order to show cause was issued in this case. A petition for writ of prohibition divests a trial court of jurisdiction at the time the district court issues a show cause order. See Brinson v. State, 789 So.2d 1125, 1126 (Fla. 2d DCA 2001) (citing Harrell v. State, 721 So.2d 1185 (Fla. 5th DCA 1998)); see also Fla. R.App. P. 9.100(h). Although it appears the judge was unaware of the entry of the order to show cause on September 26, 2002, the court still lacked jurisdiction to enter the order of discharge.
Petition granted.
POLEN, C.J., and HAZOURI, J., concur.