846 So.2d 674 (2003)
Charles C. CHILLINGWORTH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-439.
District Court of Appeal of Florida, Fourth District.
June 4, 2003.
John P. Page, Tampa, for appellant.
Charles J. Crist, Jr. Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The extent to which a trial court may actively participate in obtaining information for sentencing is questioned in this appeal. We find error in the trial court's denial of defendant's motion for disqualification. We therefore reverse and remand the case.
On July 19, 2001, the defendant pled guilty to misappropriation of escrow funds over $100,000.00, a first degree felony. The judge accepted the plea and requested a pre-sentence investigation report. The *675 State nolle prossed a grand theft and an organized scheme to defraud count.
On October 2, 2001, the court held an allocution hearing. The defendant called several witnesses on his behalf. The State cross-examined them, but did not call any witnesses. Time ran out before the defendant had concluded his presentation of evidence, including his own testimony. Near the end of the hearing, the court stated: "I advised both sides that they will have additional time, if that's needed."
On October 23, 2001, the trial court sent a series of letters to "several attorneys who participated in the litigation following the defalcation of October 3, 1997." The court asked each one to "summarize his role and that of the defendant, and to report on the costs and fees incurred." He then wrote: "As an instrument of the law, I have the responsibility to pronounce sentence. In evaluating that decision I need to assemble all the available information." The court described his view of the assessment of loss. He then wrote:
More important perhaps, is discerning just how the defendant was able to prevent discovery of the deception for some ten months. Litigation to delay may be an acceptable strategy in some cases. Litigation to perpetuate the concealment of a theft and the enjoyment of its riches is another matter entirely.
The court ended the letter by indicating that his request was made to the recipients as officers of the court. Copies of the letters were sent to the State, defense counsel, the clerk, and a lawyer representing the victim insurer.
On December 20, 2001, the trial court issued an order scheduling the sentencing hearing for January 25, 2002. The next few days witnessed a flurry of defense motions. On January 11, 2002, the defense filed a motion to continue with the allocution proceeding. On January 14, 2002, the court wrote to the defense: "We received your motion this morning. Mr. Chillingworth will be sentenced by the court on Friday, January 25, 2002 as previously noticed. I will also set a supersedeas bond should your client desire to appeal."
On January 22, 2002, the defense filed a motion to withdraw the guilty plea as well as a separate motion to disqualify the judge. The motion to disqualify the judge alleged that the defendant lost all hope for the judge's impartiality when he read the judge's January 14, 2002, letter on January 16, 2002. The motion further alleged that "there have been ... incidents which should have led a less trusting defendant to move to recuse the judge long ago." The defense also filed a motion to exclude and strike a report from the state attorney and the letters solicited from the participating attorneys.
On January 23, 2002, the court advised the defense by phone that the motion for disqualification would be denied. The court entered a written order denying the motion for disqualification on January 24, 2002.
At the start of the sentencing hearing on January 25, 2002, defense counsel stated: "I would like to renew my objection to proceeding without completion of the [allocution] hearing that was recessed." In response, the court began to read a large portion of the seventeen-page sentencing order and imposed an upward departure sentence of ten (10) years in prison followed by twenty (20) years of probation, including restitution. Defense counsel asked for permission to lodge an objection. The court responded: "You have objected, I believe, and that's it."
On January 31, 2002, the trial court denied the defendant's motion to exclude and strike the state attorney's report and *676 the letters solicited from attorneys and the motion to withdraw the guilty plea. It is from these orders and the sentence that the defendant appeals.
MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990), sets forth the test to be employed in reviewing a motion for disqualification. In MacKenzie, the supreme court held that "the standard for determining whether a motion is legally sufficient is `whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial.'" Id. at 1335 (quoting Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983)). Whether the motion is "legally sufficient" is a question of law. Id. Consequently, we review the trial court's order de novo. Barnhill v. State, 834 So.2d 836 (Fla.2002); Armstrong v. Harris, 773 So.2d 7 (Fla.2000).
This court has previously held that the cumulative effect of events occurring within a short space of time "can cause a party to have a well-founded fear" that he will not receive fair and impartial handling of his case. Michaud-Berger v. Hurley, 607 So.2d 441, 446 (Fla. 4th DCA 1992). It is not an isolated incident that warranted disqualification in this case. Rather, it was a combination of two events that lead us to conclude that the trial court erred in denying the motion for disqualification.
The first event is the trial court's independent marshaling of evidence and facts, which was accomplished by a letter writing campaign. In personally soliciting the information, the court departed from its neutral and impartial role. Surely, a court can request parties to present information it deems relevant to a sentencing and inform interested persons about an upcoming hearing. When, however, the court transforms itself into one of the litigants, it creates a well-founded fear that a party will not be dealt with in a fair and impartial manner. The court's quest for information in this case crossed the line of neutrality.
The second event is the trial court's denial of the defendant's request to speak to the court. This occurred when the court denied defense counsel's request to continue the allocution hearing. The trial court denied this request even though it had previously told both parties that they would have additional time if they needed it.
Rule 3.720(b) of the Florida Rules of Criminal Procedure requires the trial court to "entertain submissions and evidence by the parties that are relevant to the sentence. Under the rule, the defendant was entitled to make a statement to the court," Ventura v. State, 741 So.2d 1187, 1189 (Fla. 3d DCA 1999), as well as present matters in mitigation. Hargis v. State, 451 So.2d 551 (Fla. 5th DCA 1984). Here, the defendant had an opportunity to present witnesses in October, but the trial court refused to allow him to present additional evidence or make an oral statement even though it had assured both parties they would have additional time. By refusing the defendant's request, the trial court did not respect "the right of the defendant to address the court [which] `maximiz[es] the perceived equity of the process.'" Ventura, 741 So.2d at 1188 (quoting American Bar Association Standards for Criminal Justice § 18-5.17 commentary at 208 (3d ed.1994)).
We view the trial court's denial of defendant's request to continue the allocution hearing in light of the court's marshaling of evidence and facts. Once the trial court left the sphere of impartiality by personally soliciting the information, his subsequent denial of the defendant's request to continue the allocution hearing, after he promised additional time, would lead a reasonably *677 prudent person to have a "well-founded fear" that he will not receive fair and impartial handling of his case. We hold that under this unique set of facts there is but one conclusiondisqualification.
"Florida Rule of Judicial Administration 2.160(h) provides that prior factual or legal rulings by the disqualified judge may be reconsidered, vacated or amended by a successor judge upon motion filed within 20 days of the order of disqualification." Leslie v. Leslie, 840 So.2d 1097, 1098 (Fla. 4th DCA 2003). Thus, the successor judge may readdress the trial court's rulings on the motion to withdraw plea and motion to strike upon proper motion. By saying that, we are neither suggesting any error in those rulings nor the propriety of those orders. We reverse and remand the case for a new sentencing hearing and possible reconsideration of other matters upon a properly filed motion.
TAYLOR and HAZOURI, JJ., concur.