PER CURIAM.
This is an appeal from an order denying a motion to transport, which we treat as an order denying a petition for writ of habeas corpus ad testifcandum. We reverse the order denying relief and remand for further proceedings.
Appellant, in state custody, is a beneficiary under his grandmother’s will. Appellant’s mother and father take positions adverse to Appellant with respect to potential estate claims against them. His mother is the personal representative of the estate. An administrator ad litem, appointed to investigate such claims, concluded that the claims against Appellant’s mother and father should not be pursued.
A hearing was set to close out the estate and pay fees and costs. Appellant sought to attend the hearing to present evidence or testimony. His previous requests to attend hearings in these proceedings had been granted and concluded without incident.
In denying the motion to transport, the trial court concluded that Appellant, incarcerated for attempted murder, was a security risk, as he was not scheduled for release for three more years. The court also relied on the report of the administrator ad litem, in whom the court placed a high degree of confidence, and determined that Appellant’s presence was unlikely to affect the outcome. The court also deemed the expense and inconvenience of transporting Appellant to be unwarranted.
In granting a related writ of prohibition, this court concluded that the trial court’s comments, praising the administrator ad litem and appearing to pre-judge the outcome, required recusal. See Leslie v. Leslie, 840 So.2d 1097 (Fla. 4th DCA 2003).
Patently, the trial court’s decision to deny transport was, in part, based on grounds that we have deemed so prejudicial as to mandate recusal. However, the interest of the inmate in appearing in person and the probability of success are only two of the factors to consider in ruling on a motion to transport. See Brown v. Sheriff of Broward County, 502 So.2d 88 (Fla. 4th DCA 1987). The others are inconvenience, security, potential risk, the substantiality of the matter at issue, and the possibility of delaying the hearing. Id.
We note that even if the trial court could have validly denied leave to appear on the additional grounds, the availability of alternative means of accommodations should have been considered to enable Appellant *545 to have a meaningful opportunity to be heard. See Leslie, 840 So.2d at 1098-99. These alternatives could include provision for deposition, affidavit, or telephonic participation in the hearing.
On remand, the trial court shall vacate any orders arising from the hearing at which Appellant was not afforded a meaningful opportunity to be heard and shall reconsider his motion to transport.
STONE, POLEN, JJ. and ROSENBERG, ROBERT, Associate Judge, concur.