998 So.2d 660 (2009)
Neal MOSKOWITZ, Appellant,
v.
Laine MOSKOWITZ, Appellee.
No. 4D07-2456.
District Court of Appeal of Florida, Fourth District.
January 5, 2009.
Rehearing Denied February 4, 2009.
*661 William L. Gardiner III of Conrad & Scherer, LLP., Fort Lauderdale, for appellant.
Alan R. Burton, Carol Joyce Solomon, Fort Lauderdale, for appellee.
FARMER, J.
It happened in a contentious divorce. Trial was taking several days sprinkled throughout February and March. Husband was trying to offer evidence of Wife's overuse of drugs and to have her examined by a physician, to which the Judge was unreceptive. After a recess on March 12th, trial was to be resumed and finished on March 22nd.
But, on March 18th  before trial resumed  the Judge was arrested for possession of a controlled substance.[1] Two days later Husband filed a motion to disqualify him, citing the Judge's own arrest for using drugs, as well as other grounds. The Judge denied the motion as insufficient on the day after the filing, without holding a hearing.
The next day he resumed trial, announcing his disposition at the end and directing counsel in the preparation of a final judgment, which he signed two months later. The first of many issues raised in this appeal is the refusal of the Judge to disqualify himself.
The motion to disqualify is a stew of reasons. At one point during trial, Husband heard the Judge in the hallway tell his lawyer that he would have to "sit on his client." Later, the Judge asked Husband's accountant, who was then testifying, how he expected to get paid by Husband. Husband took this to signal the Judge would leave him with no money to pay the accountant. The motion also cited the refusal to allow proof of Wife's overuse of drugs. Most of all, it asserted the Judge's notorious arrest for using marijuana in a public park. Under oath Husband said:
"based on the foregoing statements by the court and the bias shown by the court regarding the wife's use of drugs and in light of the recent arrest of the presiding judge for misdemeanor marijuana charges gives me a well-grounded fear that he is not receiving and will not receive a fair trial at the hands of this judge."
He pointedly added: "I firmly believe that the Court is so biased and prejudiced against me that a fair hearing and a fair trial in the future would be impossible."
We regard the motion as legally sufficient under the law. As the disqualification statute says:

*662 "Whenever a party to any action or proceeding makes and files an affidavit stating fear that he or she will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of that court against the applicant or in favor of the adverse party, the judge shall proceed no further, but another judge shall be designated. . . ."[2]
In Michaud-Berger v. Hurley, 607 So.2d 441 (Fla. 4th DCA 1992), we held that the facts giving rise to the asserted fear must be viewed from the perspective of the litigant, not the judge. 607 So.2d at 446. Judge Letts explained:
"A litigant who is in the midst of a trial and is then informed that the presiding judge believes her lawyer to be greedy, deceitful, unethical, and an extortionist, would be a fool not to have `fears' that she will not receive a fair trial. `Fear' is all that is required under the statute."
607 So.2d at 447 (Letts, J., concurring). Similarly in Chillingworth v. State, 846 So.2d 674 (Fla. 4th DCA 2003), we echoed the belief that "the cumulative effect of events occurring within a short space of time `can cause a party to have a well-founded fear' that he will not receive fair and impartial handling of his case." 846 So.2d at 676.
If a judge's conduct during trial gives a party reason to believe that the judge is not neutral about him, that he is unlikely to be left with funds to pay his expert, in the words of Judge Letts he "would be a fool" if he does not fear the trial will be unfair. When one adds the devastating coincidence of the Judge's arrest for a drug-use crime, he could plausibly conclude that his prospect of an unfair trial had been only significantly enlarged.
We do not gainsay the striking improvidence of allowing the Judge to continue to sit on civil cases while criminal charges were pending against him. Yes, the Judge is entitled to the presumption of innocence in his criminal case. But that hardly generates a coincident supposition that litigants in cases over which he presides while his own criminal charges are unresolved need have no reason to fear his impartiality has been impaired. We are bereft of reasons to escape reversal on this ground.
We do not necessarily require an entire new trial. Whether to begin anew is up to the judge newly assigned to the case upon remand. We authorize that judge to use some or all of the existing record of the previous trial as a basis for a new final judgment. But the parties should be given leave to argue de novo the application of law to that evidentiary record and for the admission of other evidence offered but excluded in the first trial.
Reversed.
POLEN and SHAHOOD, JJ., concur.
NOTES
[1] The substance was marijuana which he was smoking in a public park. A few months later, he resigned from the bench.
[2] § 38.10, Fla. Stat. (2008).