PER CURIAM.
 

 These consolidated petitions for writs of prohibition involve petitioners’ efforts to disqualify the trial judge on the ground that the trial judge was biased in favor of counsel for the plaintiff. Petitioners cobble together a series of incidents beginning in 2008, but say that they complied with the ten-day time limit of Florida Rule of Judicial Administration 2.330(e), because their motions to disqualify were filed within ten days of them being “convinced” that the judge was biased. This approach is contrary to the typical situation involving a motion for recusal, which is filed within ten days of an objectively verifiable triggering event.
 
 See
 
 Fla.R.Jud.Admin. 2.330(e) (requiring filing of a motion to disqualify not later than “10 days after the discovery of the facts constituting the grounds for the motion”). Although the cumulative effect of events occurring within a short span of time have been found sufficient to warrant disqualification,
 
 see Chillingworth v. State,
 
 846 So.2d 674 (Fla. 4th DCA 2003), the incidents here occurred over a long period of time and, even cumulatively, do not create an objectively reasonable basis to fear bias. The timely raised issues in this case concern the trial judge’s sua sponte entry of a summary judgment and the fact that the judge furnished an order to one party by fax and to the other party by standard mail. Petitioners’ claim is largely based on innuendo and exaggeration of known facts.
 
 [1]
 
 We deny the writ of prohibition in case number 4D09-5170.
 

 
 *301
 
 Case Number 4D10-644 involves a motion to disqualify based on the trial judge’s recusal in an unrelated matter, which is the subject of our Case Number 4D10-1057. The trial judge denied the motion on January 28, 2010. However, our issuance of an order to show cause in case number 4D09-5170, involving the same underlying case, had the effect of staying proceedings in the circuit court.
 
 See
 
 Fla. R.App. P. 9.100(h). The circuit court lacked jurisdiction to rule on the motion while proceedings were stayed.
 
 See Plavnicky v. Deluicia,
 
 954 So.2d 1178 (Fla. 4th DCA 2007);
 
 Leslie v. Leslie,
 
 840 So.2d 1097 (Fla. 4th DCA 2003). We vacate the order entered during the stay and dismiss the petition in 4D10-644 as premature.
 

 GROSS, C.J., MAY, and LEVINE, JJ„ concur.
 

 [1]
 

 . For example, petitioners’ claim that the order entered by the court was the same as the proposed order submitted by the plaintiff’s attorney, "except for minor cut-and-paste modifications.” Our comparison of the 19 page proposed order with the order entered by the judge demonstrates that this allegation was not accurate.