DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD H. PARTIN, M.D.,** and **RICHARD H. PARTIN, P.A.,**
Petitioners,

v.

**SOLANGE MAGALHAES, PAULO MAGALHAES,** and **OMEGA WOMEN'S CENTER, LLC,**
Respondents,

No. 4D14-4861

[May 6, 2015]

Petition for writ of prohibition from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale Ross, Judge; L.T. Case No. CACE 13-22713 08.

Dinah Stein, Shannon Debus-Horn of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, and Michael A. Petruccelli of Fann & Petruccelli, Fort Lauderdale, for petitioners.

Roberta Deutsch, Boca Raton and Mark A. Leibowitz of Wolpe & Leibowitz, LLP, Miami, for respondents.

PER CURIAM.

Petitioners seeks a writ of prohibition to review the denial of their motion to disqualify the trial judge. As the underlying motion to disqualify was timely and legally sufficient, we grant the petition and remand with directions to reassign the case to a successor judge.

Pending below is a professional negligence case against petitioners. Petitioner, Dr. Partin, appeared for deposition in early April 2014, at which time plaintiffs learned that he was no longer associated with his former employer. Dr. Partin refused to answer questions regarding the circumstances surrounding his then recent termination. Soon after, the trial judge granted plaintiffs' motion to compel him to appear for deposition and answer questions regarding his termination. Dr. Partin complied.

Dissatisfied with Dr. Partin's responses during his second deposition, plaintiffs sought to obtain his employment records and personnel file

directly from his former employer via non-party production. Petitioners objected and a hearing followed. At the hearing on plaintiffs' request for non-party production, petitioners attempted to argue that Dr. Partin complied with the judge's previous order by appearing for a second deposition and plaintiffs' non-party production request to his former employer constituted a new and independent discovery request. The judge cut-off petitioners' counsel and expressed his prejudgment of the matter. The judge then granted plaintiffs' motion, ordered the production, and imposed monetary sanctions against petitioners.

Petitioners moved for reconsideration, and the court held another hearing. During these hearings, the judge made acerbic comments about petitioners and exhibited overall hostility toward both petitioners and their counsel. After the judge denied petitioners' motion for reconsideration, petitioners filed the subject motion to disqualify. The judge also denied this motion, finding that it was untimely and legally insufficient.

Upon exercising our *de novo* review, we find that petitioners met their burden in this case. First, the motion to disqualify was timely in light of the comments made at the hearing on petitioners' motion for reconsideration, and/or from the "cumulative effect of events occurring within a short space of time." *Chillingworth v. State,* 846 So. 2d 674, 676 (Fla. 4th DCA 2003). Second, based on what transpired at the hearings on plaintiffs' request for non-party production and petitioners' motion for reconsideration, we conclude that a reasonably prudent person would be in fear of not receiving a fair and impartial trial. We recognize that generally a trial judge's expression of dissatisfaction with counsel or a party's behavior does not warrant disqualification. *Ellis v. Henning,* 678 So. 2d 825, 827 (Fla. 4th DCA 1996). However, the hearing transcripts indicate that the judge's actions went beyond a mere expression of dissatisfaction and were misguided in part because of his misunderstanding or confusion surrounding the independent discovery requests and his unwillingness to consider petitioners' counsel's explanation accordingly. *See generally Castillo v. Castillo,* 150 So. 3d 1255 (Fla. 4th DCA 2014); *Peterson v. Asklipious,* 833 So. 2d 262, 263–64 (Fla. 4th DCA 2002); *Wargo v. Wargo,* 669 So. 2d 1123 (Fla. 4th DCA 1996). Consequently, the petition for writ of prohibition is granted.

We note that Florida Rule of Judicial Administration 2.330(h) provides that prior factual or legal rulings by the disqualified judge may be reconsidered, vacated or amended by a successor judge upon motion filed within twenty days of the order of disqualification. *Chillingworth,* 846 So. 2d at 676 (citing *Leslie v. Leslie,* 840 So. 2d 1097, 1098 (Fla. 4th DCA 2003)). Thus, upon proper motion, the successor judge may revisit the

2

discovery and sanction orders imposed.  *Id.* at 676 ("By saying that, we are neither suggesting any error in those rulings nor the propriety of those orders.").

*Petition for writ of prohibition granted.*

DAMOORGIAN, C.J., WARNER and TAYLOR, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**